UNITED STATES of America, Appellee,

v.

Wayne BROWN, Defendant–Appellant.

No. 657, Docket 91–1420.

United States Court of Appeals,
Second Circuit.

Argued Jan. 10, 1992.

Decided April 9, 1992.

Richard E. Kwasnik, New York City (Epstein & Kwasnik, of counsel), for defendant-appellant.

Mark O. Wasserman, Asst. U.S. Atty. E.D.N.Y., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., Emily Berger, Asst. U.S. Atty., E.D.N.Y., of counsel), for appellee.

Before ALTIMARI, MAHONEY, and WALKER, Circuit Judges.

PER CURIAM:

Defendant-appellant Wayne Brown appeals from a judgment of conviction entered on July 15, 1991 in the United States District Court for the Eastern District of New York, Raymond J. Dearie, *Judge.* After a jury trial, Brown was convicted of possessing an unregistered Uzi machine gun in violation of 26 U.S.C. § 5861(d) (1988). Because the gun was seized in contravention of the Fourth Amendment, we reverse and remand.

Brown rented an apartment that occupied a portion of the basement in the home of Ninive Davis at 139–11 247th Street, Rosedale, in Queens County, New York. At various times, Brown's use of electricity would cause the electrical power in the house to short-circuit. When, on such an occasion, Brown was not home, Davis would enter his apartment, using her key, and turn off his lights and appliances, allowing her to restore power to the house.

On October 24, 1990, Davis entered Brown's apartment for this purpose and observed two guns in plain view. She left the apartment and called the police. When they arrived, Davis told them that she owned the house and apartment, that she entered the apartment at times to turn off electrical appliances, and that she had entered that morning and found several guns. Davis specifically identified herself as Brown's landlady.

When Davis brought the police to the apartment door, she attempted to open the door, but could not. Believing the door to be locked, Davis told the police that she would get a key. A police officer tried the door, however, and it opened. Davis then directed the officers to the two guns that she had observed, which they seized, together with another gun that was hanging in a closet in plain view.

One of the two weapons initially observed by Davis was an Uzi machine gun that was a "firearm" as defined in 26 U.S.C. § 5845(a) (1988). Section 5861(d) renders it unlawful to possess such a firearm "which is not registered to [the possessor] in the National Firearms Registration and Transfer Record." The Uzi was not so registered. Violation of § 5861(d) is punishable as a felony. 26 U.S.C. § 5871 (1988).

On November 5, 1990, the police were summoned to the premises by Brown, who complained that he had been locked out of his apartment. One officer called Davis, who was at work, and she related the events detailed above. The officer then

approached Brown and asked him for identification. When Brown became nervous and began to act suspiciously, he was frisked and his pick-up truck was searched. The search turned up some ammunition and another gun.

Prior to trial, Brown moved to suppress the Uzi, the only one of the seized weapons whose possession constituted a statutory violation, contending that it was seized as the result of an illegal search.[1] At the ensuing suppression hearing, the police officer who seized the Uzi testified as follows: "Well, the way it seemed to me, the fuse always blew, and she was always going in and out of this apartment. It was like she was able to go any time she wanted."

The district court denied the motion to suppress. In doing so, the court indicated that Davis could not have authorized "a thorough search" of Brown's apartment, but could consent on his behalf to "a limited entry for the purpose of retrieving a firearm." At trial, the handguns (other than the Uzi) seized from Brown's apartment and vehicle were allowed to be introduced in evidence, over Brown's objection, pursuant to Fed.R.Evid. 404(b). Brown was convicted by the jury and sentenced to twenty-four months imprisonment, three years supervised release, and a $50 special assessment.

■ Brown's primary contention on appeal is that the Uzi was improperly seized. He points out that a landlady is not ordinarily vested with authority to authorize a search of premises leased to a tenant. *See Chapman v. United States*, 365 U.S. 610, 616–18, 81 S.Ct. 776, 779–81, 5 L.Ed.2d 828 (1961). Further, authority granted for a limited purpose does not translate into a general authority to authorize a search. *See United States v. Warner*, 843 F.2d 401, 403 (9th Cir.1988) (landlord authorized to enter property inhabited by tenant "for the limited purpose of making specified repairs and occasionally mowing the lawn" could not consent, on behalf of tenant, to police search of premises).

■ The government responds by invoking *Illinois v. Rodriguez*, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990), which ruled that an investigating officer may rely upon "a reasonable belief of common authority to validate an entry," *id.* 110 S.Ct. at 2798, whether or not the authority in fact exists. *Rodriguez* has been construed as "appli[cable] to situations in which an officer would have had valid consent to search if the facts were as he reasonably believed them to be." *United States v. Whitfield*, 939 F.2d 1071, 1074 (D.C.Cir. 1991). *Rodriguez* would not validate, however, a search premised upon an erroneous view of the law. *See Whitfield*, 939 F.2d at 1073–74. For example, an investigator's erroneous belief that landladies are generally authorized to consent to a search of a tenant's premises could not provide the authorization necessary for a warrantless search. *See Warner*, 843 F.2d at 403.

■ Here, the investigating officer concluded that because Davis was authorized to enter Brown's apartment when necessary to turn off electrical appliances or lights, she could consent to a search of his apartment. This was not a reasonable, although factually erroneous, belief based upon the facts presented to the officer, but rather a misapprehension of the applicable rule of law. Nor are we aware of any legal basis for the district court's conclusion that Davis could authorize "a limited entry for the purpose of retrieving a firearm," although not "a thorough search." We accordingly conclude that the motion to suppress the evidentiary use of the Uzi should have been granted.

We note in passing that the government may have had a plausible argument that Brown, who had stopped paying rent for the premises in May 1990, and against whom Davis had initiated legal proceedings that resulted in his eviction from the apartment in November 1990, had no interest in

---

**1.** As indicated *supra*, two other weapons were seized as a result of that search, so Brown's motion could have sought their suppression, as well, but did not. The issue was thus waived. *See* Fed.R.Crim.P. 12(f).

the premises on October 24, 1990 (the date of the challenged search) that was protected by the Fourth Amendment. *Cf. United States v. Paroutian,* 299 F.2d 486, 488 (2d Cir.1962) (defendant entitled to assert Fourth Amendment rights when latest month's rent had been paid or would be forthcoming and landlord initiated no effort to evict defendant until several weeks after search); *Simpson v. Saroff,* 741 F.Supp. 1073, 1079 (S.D.N.Y.1990) (tenant's interests as month-to-month tenant intact at time of search, despite rental arrears, where warrant for removal had not issued); *United States v. White,* 541 F.Supp. 1181, 1184 (N.D.Ill.1982) (same). In any event, the government has not advanced this argument at trial or on appeal, and has accordingly waived it. *See United States v. Torres,* 949 F.2d 606, 608 (2d Cir.1991); *United States v. Thompson,* 944 F.2d 1331, 1339 (7th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1177, 117 L.Ed.2d 422 (1992); *United States v. Maestas,* 941 F.2d 273, 276 n. 2 (5th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 909, 116 L.Ed.2d 809 (1992); *United States v. Wanless,* 882 F.2d 1459, 1462–63 (9th Cir.1989); *United States v. Garcia,* 882 F.2d 699, 701–02 (2d Cir.), *cert. denied,* 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989); *United States v. Nechy,* 827 F.2d 1161, 1164–65 (7th Cir.1987).

 We record, finally, our agreement with the district court's ruling that the handguns, other than the Uzi, were properly admitted in evidence pursuant to Fed. R.Evid. 404(b). *Cf. supra* note 1 (motion to suppress could have included handguns, other than Uzi, seized in apartment). Rule 404(b) allows the admission of otherwise improper "similar act" evidence to prove, *inter alia,* "intent, ... knowledge, ... or absence of mistake or accident." Brown contends that his defense, a denial that he ever actually or constructively possessed the Uzi, removed the issue of intent from the case. *See United States v. Colon,* 880 F.2d 650, 656–60 (2d Cir.1989).

This argument, however, misses the thrust of the government's position. In response to Brown's contention that the access of others to Brown's apartment might account for the presence of the Uzi there, the government argued that the presence of other firearms in Brown's apartment and in his pick-up truck made it more likely that the Uzi belonged to him, thus tending to establish both his knowledge, and the absence of mistake or accident, with respect to the presence of the Uzi in his apartment. We agree with the government's view that this rationale provided a proper basis for the admission of the other handguns in evidence. *See United States v. Brennan,* 798 F.2d 581, 589 (2d Cir.1986) ("inclusionary" approach to Rule 404(b) followed in Second Circuit).

In accordance with the foregoing, the judgment of conviction is reversed and the case is remanded for further proceedings not inconsistent with this opinion. The mandate shall issue forthwith.