STRAUB, Circuit Judge,
concurring in part and dissenting in part:
The majority today has vacated the convictions of Defendants-Appellants Ibn Lee and Larry Williams as a result of the District Court’s admission into evidence of the so-called Clarke statement. The government concedes that the admission of this evidence violated the Confrontation Clause because of the intervening decision of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), but it contends that any error in this regard was harmless. The majority concludes otherwise. As I conclude the admission of the Clarke statement was harmless error, I respectfully dissent and would affirm the District Court in all material respects.
Viewing the evidence in its entirety, I am convinced beyond a reasonable doubt that the Clarke statement did not contribute to the verdict obtained. See United States v. McClain, 377 F.3d 219, 222 (2d Cir.2004). At trial, the government presented overwhelming evidence other than the Clarke statement to establish that Lee and Williams conspired to hire another to murder Ellis. Specifically, the evidence demonstrated the following: (1) that Lee had a motive to kill Ellis because Ellis had previously stabbed Lee; (2) that Lee and Williams rented cars from Newark Airport, despite the fact that they both owned fancier vehicles; (3) that the police arrested Lee in one of these cars and discovered a gun inside; (4) that Williams demanded the return of a gun from an individual named Jason Lawton; (5) and that Williams told Lawton that he needed the gun for Lee because Lee had recently been. stabbed. In addition, the government had presented evidence that Lee had proposed a “body for body” trade to testifying witness Orlando Gordon. According to Gordon’s testimony and recorded conversations involving him and Lee, Lee proposed that he would lure an individual in order to be killed by Gordon in exchange for Gordon luring Ellis to a predetermined location in order to be killed by Lee’s associates. In the course of planning this scheme, Lee complained that he was “spending more money.” The evidence also shows defendants’ involvement in various drug transactions and the close rela *97 tionship among Lee, Williams and the cooperating witnesses, Lawton and Gordon, and why they would work together in a conspiracy to commit murder-for-hire. Given this body of evidence, a reasonable jury could have easily found that both defendants had conspired over several months to hire another individual to kill Ellis.
Indeed, the admission of the Clarke statement was relatively unimportant to the Government’s case. It did not connect either defendant to a murder for hire conspiracy, but rather only established how far such a conspiracy, irrespective of its participants, might have progressed. As conveyed to the jury via the testimony of Detective Mazzei, the Clarke statement provided the jury with only the following facts: an unidentified person hired Clarke at an unspecified time to drive around an unspecified area to look for and kill Ellis, whom Clarke also knew as “Q”; Clarke had been provided with a gun for this purpose; Clarke never found Ellis; and Clarke was paid for his time and efforts. However, the crime with which Lee and Williams had been charged was a murder for hire conspiracy. That crime does not require that such a conspiracy have actually progressed to the point of hiring a killer, only that the defendant has entered into an agreement with another for that purpose. See 18 U.S.C. § 1958. At bottom, the Clarke statement does nothing to establish such an agreement involving either Lee or Williams. Indeed, neither defendant is mentioned in that portion of Mazzei’s testimony.[1] Instead, the statement merely establishes that, assuming that either Lee or Williams were involved in such a conspiracy, it had progressed to the point of actually hiring Clarke and assisting him in finding and killing Ellis. Given the limited significance of the Clarke statement, I conclude that its admission into evidence was harmless error.
In its opinion, the majority focuses on the role of the Clarke statement in meeting the government’s burden of proving the pecuniary value element of the federal murder for hire statute. However, I believe that this element was easily established by evidence of Lee’s complaint to Gordon about his “spending more money.” Taken in context, the only reasonable interpretation of Lee’s complaint was that he was referring to the cost of hiring Ellis’s killer(s), not to the cost of purchasing marijuana or other drugs, because the entire conversation between Lee and Gordon pri- or to that specific complaint focused on arrangements for the shooting by Lee’s associates of “[t]he kid who stabbed [Lee,]” i.e., Ellis.
The majority concludes that “[w]ithout the Clarke testimony, there is absolutely no indication that the November 2001 car and gun incidents involved a hired killer.” However, the Clarke statement does not directly connect those incidents to any hired killer. Indeed, no evidence in the record does so explicitly. Whatever might be said about the government’s failure to produce more direct evidence of a conspiracy here, it is my view that the admission *98 of the Clarke statement was harmless error because it added relatively little to the body of evidence presented to the jury.
I also find defendants’ other arguments unpersuasive, which the majority did not have to address because it concluded that the murder for hire conspiracy convictions should be vacated on the sole basis of the admission of the Clarke statement.
To begin, Williams argues that the District Court erred in admitting into evidence his statements to law enforcement officials because the government failed to disclose such statements to Williams pursuant to his request under Federal Rule of Criminal Procedure 16(a). “A district court’s decision not to exclude evidence that was the subject of a Rule 16(a) violation is not grounds for reversal unless the violation caused the defendant ‘substantial prejudice.’ ” United States v. Salameh, 152 F.3d 88, 130 (2d Cir.1998) (noting that a district court has “broad discretion” in fashioning an appropriate remedy), cert. denied sub nom., Abouhalima v. United States, 525 U.S. 1112, 119 S.Ct. 885, 142 L.Ed.2d 785 (1999). In his brief, Williams concedes that this evidence — consisting merely of his admission to agents of the Bureau of Alcohol, Tobacco and Firearms that he rented at least two cars at Newark Airport on November 7, 2001 and then gave the keys to those cars to unidentified individuals — was “merely cumulative” of other, properly admitted evidence. Moreover, the Government assured the District Court that it produced the evidence to Williams as soon as it became aware of its existence. However, Williams contends that “the admission of the statement undermined the credibility of [his] counsel” in the minds of the jurors because his counsel had told the jury in his opening statement that no such evidence would be presented at trial. While the circumstances of this Rule 16(a) violation are unfortunate, I cannot conclude that they rise to the necessary level of “substantial prejudice” to Williams’s defense. See Salameh, 152 F.3d at 130.
Second, defendants argue that the District Court abused its discretion in admitting evidence of Lee’s November 2001 conviction for armed robbery and Lee’s and Williams’s involvement in various drug transactions. We review a district court’s evidentiary rulings for an abuse of discretion. United States v. Edwards, 342 F.3d 168, 176 (2d Cir.2003). With specific regard to evidence of prior bad acts admitted, as here, pursuant to Federal Rule of Evidence 404(b), we have adopted an “in-clusionary approach” by which district courts are allowed to admit such evidence for any purpose other than to demonstrate the defendant’s “criminal propensity.” Id. (internal quotation marks omitted). I conclude that the District Court properly admitted evidence of Lee’s conviction for armed robbery for the purpose of showing Lee’s knowledge and/or absence of mistake in being a felon in possession of a firearm. See, e.g., U.S. v. Brown, 961 F.2d 1039, 1042 (2d Cir.1992) (per curiam). As for the evidence showing both defendants’ involvement in various drug transactions, I conclude that the District Court properly admitted such evidence for the purpose of providing “an explanation to the jury of the close relationship ... [among] Lee and Williams [and the cooperating witnesses, Lawton[2] and Gordon,] which was directly relevant to explaining why they would work together in any conspiracy to commit murder-for-hire.” As the Government contends, “absent this testimony, ... the jury would have been left with the highly distorted impression that Williams and *99 Lee made their incredibly incriminating admissions about the murder plot to random individuals whom they had no reason to trust, and to whom, to their knowledge, had never themselves engaged in any kind of illicit behavior.” Cf. U.S. v. Lasanta, 978 F.2d 1300, 1307 (2d Cir.1992) (“Our decisions specifically approve the use of evidence of a defendant’s prior narcotics dealings to delineate the background details of a conspiracy — to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed.”) (internal quotation marks and citations omitted), abrogated on unrelated grounds by Florida v. White, 526 U.S. 559, 119 S.Ct. 1555, 143 L.Ed.2d 748 (1999). The District Court, moreover, instructed the jury on the limited purposes of such evidence. As such, I would not disturb the District Court’s ruling on this issue.
Third, Williams argues that the admission of Lee’s prior testimony from the criminal trial of Ellis, in which Lee described his confrontation with Ellis and the stabbing, violated Williams’s Confrontation Clause rights under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Due to Williams’s failure to object to the admission of this evidence at trial and the supervening Crawford decision, we apply a “modified plain-error” rule in which “the government, not the defendant, bears the burden to demonstrate that the error was harmless.” United States v. Henry, 325 F.3d 93, 100 (2d Cir.2003) (internal quotation marks omitted), cert. denied sub nom., Panek v. United States, 540 U.S. 907, 124 S.Ct. 203, 157 L.Ed.2d 194 (2003). Assuming without deciding that the admission of Lee’s prior testimony violated Williams’s Confrontation Clause rights after Crawford, such an error was harmless. Lee’s prior trial testimony was admitted primarily to demonstrate that Lee was previously stabbed by Ellis and therefore had a motive to seek his murder for revenge. However, this proof was merely cumulative of other evidence showing that Lee had been stabbed by Ellis, a fact which was essentially uncontroverted. Among other proof, Lawton testified to this fact and Lee and Gordon discussed it in the recording made by Gordon. Lee’s prior testimony was also admitted to establish Lee’s prior armed robbery conviction and drug dealing. This was offered for the purpose of demonstrating Lee’s knowledge and/or absence of mistake in being a felon in possession of a firearm. As the knowing possession of a firearm is not an element of murder for hire conspiracy, Williams cannot complain of its admission.
Finally, Lee argues that the sentence imposed on him by the District Court was proeedurally and substantively unreasonable. The Presentence Investigation Report calculated the guidelines range to be 262-327 months. Lee argues that the sentence imposed on him, 240 months, was proeedurally unreasonable because the District Court “failed to articulate his consideration of all of the requisite 3553(a) factors in arriving at the maximum statutory sentence.” However, we have held that no such articulation is necessary and that the District Court has fulfilled its obligation under § 3553(a) as long as “the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misper-ception about their relevance.... ” United States v. Fleming, 397 F.3d 95, 100 (2d Cir.2005). See also United States v. Crosby, 397 F.3d 103, 113 (2d Cir.2005) (refusing to require any “robotic incantations” by a district court to demonstrate that it *100 “consider[ed]” the § 3553(a) factors), cert. denied., Crosby v. U.S., 549 U.S. 915, 127 S.Ct. 260, 166 L.Ed.2d 202 (2006). Lee has identified nothing in his sentencing hearing indicating that the District Court misunderstood the relevant factors he considered or misperceived any evidence that led to his decision.
As to the asserted substantive unreasonableness of his sentence, Lee argues that the District Court erred in failing to give him sufficient leniency due to his prior cooperation with the Bronx District Attorney’s Office. However, in sentencing Lee, the District Court stated, “I accept what you’ve done with the Bronx D.A., I’ve accepted [ ] that you’re trying to help ...,” but the District Court also stated that the “seriousness of the offense” required him to give Lee a “just punishment”. Given that the evidence in the record upon which the jury based its conviction revealed a months-long conspiracy and multiple plans to locate and kill Ellis, I cannot conclude that the District Court imposed a substantively unreasonable sentence on Lee.
In sum, I have considered all arguments presented by Lee and Williams in this appeal and find them to be without merit. This includes those arguments considered and rejected by the majority opinion with which I concur for the reasons stated therein. Specifically, I concur with and join in the majority’s opinion insofar it relates to both defendants’ sufficiency challenges and Lee’s Batson challenge, motion to sever, objection to the bifurcated trial, and ineffective assistance of counsel claim. For the foregoing reasons, I would affirm the judgment of the District Court.

. Lee also contends that the Clarke statement was admitted in violation of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). "A defendant’s Bruton rights would be violated, however, only if the statement, standing alone, would clearly inculpate him without introduction of further independent evidence.” U.S. v. Wilkinson, 754 F.2d 1427, 1435 (2d Cir.1985). However, Lee concedes that “the Clarke statement standing alone, does not inculpate him.” Indeed, as redacted, the statement neither refers to Lee by name, nickname, nor physical description. It is only when other evidence of Lee’s participation in the murder-for-hire conspiracy is admitted that the Clarke statement inculpates Lee. Accordingly, Lee’s Bru-ton argument is to no avail.

. As noted, Lawton testified that Williams demanded that he return the gun that Williams provided him because Lee had been ''bit,” i.e., stabbed.