MEMORANDUM **
Shawn Laray Bell appeals his jury conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and his resulting 110-month sentence. On appeal, Bell argues that the district court erred by: (1) denying his motion to suppress evidence of the Clerke revolver found during the search of the trunk of the car he was driving; (2) denying his motion to suppress certain post-arrest statements he made at the police station; (3) denying his motion in limine that would have excluded evidence of Bell’s marijuana use and possession, his gang ties, and the Clerke revolver; and (4) denying his motion for a mistrial stemming from statements made by the prosecutor during closing argument. Bell also claims cumulative error and that the sentence imposed by the district court was unreasonable. We affirm.
First, the district court did not err in denying Bell’s motion to suppress evidence of the Clerke revolver as fruit of an illegal search. The record supports the district court’s conclusion that Bell voluntarily consented to the search. See United States v. Rodriguez-Preciado, 399 F.3d 1118, 1126 (9th Cir.2005). Furthermore, Officer Derek Cook had probable cause to search the entire car and its contents based on the odor of marijuana coming from the car and the marijuana found in *665 the car. See United States v. Pinela-Hernandez, 262 F.3d 974, 977-78 (9th Cir.2001).
Second, the district court did not commit plain error by denying Bell’s motion to suppress statements Bell made at the police station after receiving Miranda warnings because those statements were not the product of an impermissible deliberate two-step interrogation. See Missouri v. Seibert, 542 U.S. 600, 622, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004). Officer Cook’s questioning at the scene was not directed at Bell personally and did not elicit an incriminating response. Bell’s subsequent statement at the police station, admitting knowledge that the Clerke revolver was in the backpack, was made voluntarily after having received Miranda warnings. The record does not support a determination that this statement repeated an earlier confession.
Third, the district court did not err by denying Bell’s motion in limine to exclude evidence of Bell’s gang affiliation, Bell’s marijuana use, and the Clerke revolver. This evidence is admissible because it is inextricably intertwined with evidence of the charged offense. See United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir.2004).
In addition, the gang insignia on Bell’s shoulder is relevant to prove identity because it connects Bell to the gang insignia on the sandals found in the backpack. Fed. R. Evid 404(b). The district court’s instruction limiting the jury’s consideration of the gang evidence to the issue of identity neutralized the danger of unfair prejudice. See Fed.R.Evid. 403.
Furthermore, the evidence of Bell’s marijuana use prevents an inference by the jury that the search of the car was pretextual, and thus the probative value of the marijuana evidence outweighed the
risk of unfair prejudice. Fed.R.Evid. 403. The presence of the loaded Clerke revolver, as a second weapon, in the backpack is relevant to show Bell’s knowledge that he was in possession of a firearm and the absence of accident or mistaken possession of a firearm. Fed.R.Evid. 404(b); cf. United States v. Butcher, 926 F.2d 811, 816 (9th Cir.1991); see also United States v. Brown, 961 F.2d 1039, 1042 (2d Cir.1992). The district court’s “other acts” jury instruction also accounted for any unfair prejudice from the introduction of the marijuana evidence or evidence related to the Clerke revolver. Fed.R.Evid. 403; see Butcher, 926 F.2d at 815-18.
Fourth, the district court did not err by denying Bell’s motion for a mistrial based on the prosecutor’s improper comment about the presumption of innocence during closing rebuttal because the error was harmless. Under the non-constitutional harmless error standard, the government’s improper comment was harmless because it is not probable that the comment materially affected the jury’s verdict in light of overwhelming evidence against Bell. See United States v. Perlaza, 439 F.3d 1149, 1171 (9th Cir.2006). Alternatively, under the constitutional harmless error standard, the error was harmless beyond a reasonable doubt in light of the overwhelming evidence against Bell and because the district court took prompt corrective action in the form of a curative instruction, which neutralized any prejudice from the prosecutor’s remark. See id.
Fifth, the district court did not err by denying Bell’s motion for a mistrial based on the prosecutor’s closing rebuttal argument, which implied that the defense had equal access and power to subpoena Desiree Moore and Willie Brown as witnesses. The prosecutor’s argument was a permissible response invited by Bell’s counsel’s remarks questioning why the *666 prosecution had not subpoenaed Moore and Brown to testify. See United States v. Williams, 990 F.2d 507, 510 (9th Cir.1993).
Sixth, Bell’s cumulative error claim also fails. The record only supports one alleged error, which we have concluded was harmless, and, accordingly, there cannot be cumulative error. See Mancuso v. Olivarez, 292 F.3d 939, 957 (9th Cir.2002).
Turning to Bell’s challenges to his sentence, the district court did not err by applying a two-level sentence enhancement based on the obliterated serial number on the Clerke revolver. Bell stipulated on the record to the two-level increase under U.S.S.G. § 2K2.1(b)(4)(B), which applies regardless of whether Bell knew the Clerke revolver had an obliterated serial number. U.S.S.G. § 2K2.1, comment n. 8(b). Additionally, the Clerke revolver was part of the same course of conduct that formed the basis of the felon-in-possession count. Contemporaneous possession of an uncharged firearm is relevant conduct in a felon-in-possession prosecution. See U.S.S.G. § lB1.3(a); United States v. Nichols, 464 F.3d 1117, 1122-24 (9th Cir.2006). Furthermore, Bell’s argument that the government should have used forensic technology to recover the obliterated serial number is foreclosed by precedent. See United States v. Carter, 421 F.3d 909, 911-16 (9th Cir.2005).
Finally, the district court did not err in calculating the criminal history points used to derive Bell’s sentence, or in determining a reasonable sentence in light of the factors stated in 18 U.S.C. § 3553(a). Bell did not attack the computation of criminal history points in the Presentence Report, and he stipulated to criminal history category V. Bell also has not provided authority to demonstrate that the district court abused its discretion by adopting the Presentence Report’s criminal history calculation or that its factual findings were clearly erroneous. Bell’s sentence of 110 months is within the Guideline range, and the district court adequately explained its consideration of all the 18 U.S.C. § 3553(a) factors. See United States v. Carty, 520 F.3d 984, 992 (9th Cir.2008) (en banc).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.