12-4663(L)
United States v. Barret

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 15th day of February, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             SUSAN L. CARNEY,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                      *Appellee*,                              12-4663[1]
                                                              13-3800
                                                              14-573
             v.                                               14-2014

CHRISTOPHER BARRET, D/B/A Derrick Brown, A/K/A Sean Brown, A/K/A Mouthy, A/K/A The General, A/K/A Chris, A/K/A Solo, OMAR MITCHELL, A/K/A Sox, LEON SCARLETT, A/K/A Agony, A/K/A Piggy,

                      *Defendants-Appellants*.[2]

_____

Appearing for Appellants:     James M. Branden, New York, NY, *for Defendant-Appellant Christopher Barret*.

_____

[1] 12-4663 was determined by an order filed on April 18, 2014.
[2] The Clerk of Court is respectfully directed to amend the caption as above.

Michael H. Sporn, New York, NY, *for Defendant-Appellant Omar Mitchell*.

Peter J. Tomao, Garden City, NY, *for Defendant-Appellant Leon Scarlett*.

Appearing for Appellee:  Tyler J. Smith, Assistant United States Attorney (Amy Busa, Peter A. Norling, Assistant United States Attorneys, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of said District Court be and they hereby are **AFFIRMED**.

Appellants Christopher Barret, Leon Scarlett, and Omar Mitchell appeal from the judgments of May 29, 2014, October 2, 2013, and February 10, 2014, respectively, in the United States District Court for the Eastern District of New York (Matsumoto, *J.*). After jury trial, Barret was convicted of being the leader of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(a), conspiring to distribute and possess with intent to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846, maintaining a stash house and conspiring to do the same, in violation of 21 U.S.C. §§ 856(a) and 846, distribution and possession with intent to distribute at least 100 kilograms of marijuana on or about October 7, 2010, in violation of 21 U.S.C. § 841(a)(1), and brandishing firearms in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c). Scarlett was convicted of the drug conspiracy count and the distribution count. Mitchell was convicted of the conspiracy count.

In this summary order, we address the bulk of Barret's, Scarlett's, and Mitchell's arguments on appeal. In a separate opinion issued concurrently with this summary order, we address the district court's admission of testimony by a former co-defendant who pled guilty mid-trial, and whether there was sufficient evidence produced at trial to attribute to Mitchell the drug quantity stated in the conspiracy charge and convict Mitchell of conspiracy to distribute and possess with intent to distribute. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We first consider whether the evidence is sufficient to support a conviction on Count Two of the indictment, that Barret and Scarlett conspired to distribute and possess with intent to distribute more than 1,000 kilograms of marijuana. A jury's verdict must be upheld if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "In cases of conspiracy, deference to the jury's findings is especially important . . . because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." *United States v. Morgan*, 385 F.3d 196, 204 (2d Cir. 2004) (internal quotation marks and citation omitted).

2

To affirm a conviction for conspiracy to distribute under Section 846, the record must support a rational jury's finding of "(1) the existence of the conspiracy charged; (2) [] the defendant had knowledge of the conspiracy; and (3) [] the defendant intentionally joined the conspiracy." *United States v. Santos*, 541 F.3d 63, 70 (2d Cir. 2008) (citations omitted). As relevant here, a "[c]onviction of a Section 841(b)(1)(A) conspiracy also requires that a jury find, or the defendant himself admit to, the drug-quantity element. Additionally, we require proof that this drug type and quantity were at least reasonably foreseeable to the co-conspirator defendant." *United States v. Adams*, 448 F.3d 492, 499 (2d Cir. 2006) (citations omitted).

We have no trouble concluding that the evidence was sufficient with respect to Barret and Scarlett. We believe that a rational trier of fact could have found the essential elements of the conspiracy charge against Barret. At trial, cooperating witnesses who had been involved in a conspiracy to distribute marijuana identified Barret as the leader of the operation. The results of the government's surveillance and search of Barret's residence in Jamaica, Queens, were also incriminating. Over the course of many weeks, suspicious parcels from Arizona were repeatedly delivered to Barret's residence. Law enforcement found remnants of marijuana in garbage left outside Barret's residence and, during a search of the residence, discovered opened and unopened parcels containing large quantities of marijuana.

As to Scarlett, Melbert Palmer, a cooperating witness, testified that Scarlett sold marijuana for Barret, that when Scarlett was released on parole in 2008 he began providing protection for Barret, that Scarlett picked up packages for Barret and also distributed marijuana (often referring to Barret as "General"), and that Scarlett gave Barret money so that Barret could buy marijuana from Arizona for Scarlett. Palmer also testified that he frequently saw Scarlett at Barret's "stash house" in 2010, observed Scarlett pick up marijuana from the back yard of the stash house on several occasions, and that Scarlett sometimes accompanied Barret to collect payments. Another cooperating witness, Kareem Forrest, testified that he would see Scarlett at the "stash house" three or four times per week, that Scarlett would pick up marijuana from Barret's residence about every two weeks, that Scarlett usually received approximately one to two kilograms of marijuana each time he picked up drugs at Barret's residence, and that Scarlett sold to various drug dealers in Queens. Finally, Scarlett was present at Barret's residence on the day of the government's October 7, 2010 raid of the home. Following the raid, investigators recovered evidence that nearly 100 kilograms of marijuana had been delivered to the residence on that one day. Given the amount of marijuana that was found during the raid, the frequency of the shipments, Scarlett's involvement in Barret's operation from at least 2008 to 2010, and other evidence produced at trial, a jury could have found the requisite elements of the conspiracy charge against Scarlett, including that he could have reasonably foreseen that the conspiracy involved in excess of 1,000 kilograms of marijuana.

All three Appellants also argue the district court erred by admitting particular evidence of prior crimes, wrongs or other acts under Rule 404(b) of the Federal Rules of Evidence. This court reviews a district court's admission of evidence permitted by Fed. R. Evid. 404(b) "under an 'inclusionary approach' and allows evidence 'for any purpose other than to show a defendant's criminal propensity.'" *United States v. Garcia,* 291 F.3d 127, 136 (2d Cir. 2002) (citing *United States v. Pitre*, 960 F.2d 1112, 1118 (2d Cir. 1992). Courts may admit evidence of

3

prior bad acts if the evidence "is relevant to an issue at trial other than the defendant's character, and if the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice." *United States v. Morrison,* 153 F.3d 34, 57 (2d Cir. 1998). To determine if the court properly admitted prior act evidence pursuant to Rule 404(b), this court considers whether: (1) the prior act evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice; and (4) the court, upon request, administered an appropriate limiting instruction. *See Huddleston v. United States,* 485 U.S. 681, 691-92 (1988).

In particular, Barret challenges the district court's admission of evidence regarding (1) his leadership in the so-called "Fatherless Crew," (2) his 2003 conviction for attempted criminal possession of a loaded firearm, and (3) text messages threatening a person who Barret believed was a witness against him. Scarlett challenges the district court's admission of evidence of a 2004 weapons conviction. Mitchell argues the court should not have admitted text messages relating to his receipt of narcotics from Barret's Arizona supplier of marijuana, Clifton Williams, following Barret's arrest. All of these arguments fail. The evidence admitted against Barret was indicative of Barret's relationships with co-conspirators, and the specific evidence of his knowledge of firearms belies the defense's claim that Barret had no knowledge of or intent to participate in the charged crimes. *See, e.g.*, *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009) (finding that evidence of prior firearm sales was admissible under Rule 404(b) and highly probative as to knowledge and intent, as well as the development of the relationship between co-conspirators). Further, Scarlett's and Barret's firearm convictions were relevant to issues of absence of mistake and access to firearms. *See United States v. Brown,* 961 F.2d 1039, 1042 (2d Cir. 1992) (permitting the introduction of other weapons seized as probative of knowledge, absence of mistake or accident); *United States v. Zappola*, 677 F.2d 264, 270 (2d Cir. 1982) (access to firearms). Finally, given that Mitchell's primary defense was that he was not a member of the conspiracy, the evidence of text messages between Mitchell and Williams was admissible because they were relevant to show Mitchell's intent and knowledge regarding the charged conspiracy.

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the three judgments of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4