18-2563-cr
*United States v. Moye*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand nineteen.

PRESENT:  AMALYA L. KEARSE,
CHRISTOPHER F. DRONEY,
RICHARD J. SULLIVAN,
*Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                          No. 18-2563-cr

RUBIN MOYE,

*Defendant-Appellant*.

-----------------------------------------------------------------

FOR APPELLANT:                    Peter E. Brill, Brill Legal Group, P.C., New York, NY.

FOR APPELLEE:                     Frank Balsamello, Matthew Hellman, Matthew Laroche, and Daniel B. Tehrani, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Rubin Moye appeals his convictions following a four-day jury trial on charges of (1) possessing a .38 caliber Taurus revolver after previously having been convicted of a felony, (2) witness intimidation, and (3) witness retaliation, in violation of 18 U.S.C. §§ 922(g)(1), 1512(a)(2), and 1513(b)(2), respectively, for which he was sentenced principally to a term of 192 months' imprisonment.   At trial, the government called Carlos Modesto, who testified that he saw Moye possess a different handgun than the Taurus revolver charged in the indictment.   Although the district court initially permitted Modesto's testimony on the mistaken belief that Modesto had seen Moye in possession of the Taurus

2

revolver that was the subject of Count One, the district court subsequently clarified that Modesto's testimony was nevertheless admissible as "similar acts" evidence "on the issue of pattern and practice." App'x 1340–41. After summations, the district court charged the jury that it could only consider Modesto's testimony for the "limited purpose" of inferring the existence of a "common plan or scheme," and not for "any other purpose," specifically, "not . . . as evidence that the defendant is of bad character or has a propensity to commit crime." App'x 1416. The district court further instructed the jury that Moye was "not on trial for committing any act not alleged in the indictment." *Id.*

On appeal, Moye argues that (1) Modesto's testimony concerning Moye's prior firearm possession constituted impermissible propensity evidence under Federal Rule of Evidence 404(b), and (2) the government improperly referenced such testimony during summation.[1] We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

---

[1] Moye does not argue that Modesto's testimony or the government's summation affected the jury's verdict with respect to the witness intimidation and witness retaliation counts, which relate to Moye's involvement in an assault on a cooperating witness in prison pending retrial in this case.

3

As Moye concedes, because he did not object at trial to the admission of Modesto's testimony or to the government's summation, we review both issues for plain error. To establish plain error, Moye must show that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019) (internal quotation marks omitted).

With respect to Moye's claim of evidentiary error, a district court may admit evidence of uncharged acts if "(1) [such evidence] is introduced for a proper purpose, (2) it is relevant to the charged offense, (3) its prejudicial effect does not substantially outweigh its probative value, and (4) it is admitted with a limiting instruction if requested." *United States v. Rutkoske*, 506 F.3d 170, 177 (2d Cir. 2007). Under this Circuit's "inclusionary approach" to Rule 404(b), evidence of prior acts "is admissible for any purpose other than to show a defendant's criminal propensity." *United States v. Pitre*, 960 F.2d 1112, 1118 (2d Cir. 1992) (internal quotation marks omitted). Thus, evidence of acts that form a pattern or practice of conduct may be admissible in certain circumstances to show *modus operandi*,

4

knowledge, context, access to contraband, or the existence of a common scheme or plan. *See United States v. Sliker*, 751 F.2d 477, 486–87 (2d Cir. 1984) (Friendly, J.).

Here, Modesto testified that he witnessed Moye retrieve a handgun from the trunk of his Dodge Charger, brandish it, and then tuck it into the waist of his pants. This testimony was consistent with that of Moye's arresting officer, who testified that less than two months later, following a routine traffic stop of Moye's Dodge Charger, the officer searched Moye and discovered the Taurus revolver that was the subject of Count One tucked in the crotch of his pants. Given the similarity and temporal proximity between these incidents, the district court did not plainly abuse its discretion in ruling that the jury could infer the existence of a common scheme or plan for purposes of Rule 404(b). *See Sliker*, 751 F.2d at 487; *see also United States v. O'Connor*, 580 F.2d 38, 41 (2d Cir. 1978) ("The rubric of scheme or plan has been used to cover a multitude of particular situations, which do not fall into simple categories."). Nor did the district court plainly err in concluding that any prejudice was outweighed by the probative value of Modesto's testimony, particularly since the district court mitigated the risk of prejudice through a clear limiting instruction in the jury charge.

5

Moreover, even if the admission of Modesto's testimony to show a common scheme or plan *did* amount to clear or obvious error, Moye still fails to demonstrate how it affected his substantial rights given the overwhelming evidence introduced at trial. Notably, a cooperating witness testified that he saw Moye carry firearms in his Dodge Charger three to five times per week during periods in 2015, including a firearm resembling the charged Taurus revolver. The cooperating witness's testimony – which Moye does not challenge on appeal – therefore constituted both direct evidence of the felon-in-possession offense and evidence of uncharged firearms possession that was admissible to demonstrate Moye's access to firearms, knowledge, and the absence of a mistake or accident, *see United States v. Brown*, 961 F.2d 1039, 1042 (2d Cir. 1992), as well as *modus operandi* and a common scheme or plan, *see Sliker*, 751 F.2d at 486–87. In short, the government's case hardly turned on Modesto's testimony. On this record, we are confident that there is no reasonable probability that any error in admitting Modesto's testimony affected the outcome of the trial.

Finally, we are not persuaded by Moye's conclusory argument that a new trial is warranted due to prosecutorial misconduct. On plain error review of a claim of prosecutorial misconduct during summation, "we will not reverse absent

6

'flagrant abuse.'" *United States v. Zichettello*, 208 F.3d 72, 103 (2d Cir. 2000) (quoting *United States v. Rivera*, 22 F.3d 430, 437 (2d Cir. 1994)). Furthermore, "[e]ven if a remark is deemed improper, it must cause substantial prejudice to result in a new trial." *United States v. Banki*, 685 F.3d 99, 120 (2d Cir. 2012) (internal quotation marks omitted).

Here, the government's only arguably improper remark was its suggestion in rebuttal summation that the jury should consider Modesto's testimony to be relevant evidence of Moye's motive, opportunity, plan, and the absence of mistake – permissible Rule 404(b) purposes that the district court did not specifically mention in its subsequent limiting instruction. *See* Fed. R. Evid. 404(b)(2). But this isolated remark falls well short of flagrant abuse. Indeed, given the government's sparse use of Modesto's testimony during summation and rebuttal summation, and the ample evidence that Defendant possessed the Taurus revolver, any impropriety clearly did not result in substantial prejudice.

Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7