**UNITED STATES of America,**
**Appellee,**

v.

**Dwayne CASSELL, Appellant.**

**No. 01–3050.**

United States Court of Appeals,
District of Columbia Circuit.

Argued March 22, 2002.

Decided June 11, 2002.

---

Lisa B. Wright, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was A. J. Kramer, Federal Public Defender. Valencia R. Rainey, Assistant Federal Public Defender, entered an appearance.

Roy W. McLeese III, Assistant U.S. Attorney, argued the cause for appellee. On the brief were Roscoe C. Howard, Jr., U.S. Attorney, John R. Fisher, Elizabeth Trosman, Stuart G. Nash and Patricia A. Heffernan, Assistant U.S. Attorneys.

Before: SENTELLE and ROGERS, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge: ·

Appellant Dwayne Cassell was charged in a five count indictment with, *inter alia,* possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm during drug trafficking in violation of 18 U.S.C. § 924(c)(1) following a search of his uncle's home that turned up three guns, ammunition, marijuana, crack cocaine, and drug paraphernalia. At Cassell's trial, the district court admitted evidence over Cassell's objection that Cassell had been convicted in 1997 for possessing a loaded, 9–mm semi-automatic firearm, and that a few weeks before the search, police found a loaded, 9–mm semi-automatic firearm that fell from underneath the rear bumper of Cassell's car while it was being towed. Following a jury trial, Cassell was convicted · of both firearms charges.[1] Cassell appeals on grounds that the evidence of his two prior gun possessions violated Rules 404(b) and 403 of the Federal Rules of Evidence. We disagree and affirm his convictions.

## I. Background

On July 13, 2000, officers of the Metropolitan Police Department searched Lawrence Hart's northeast Washington, D.C. home pursuant to a search warrant. Hart is Dwayne Cassell's uncle, with whom Cassell had been living at the time of the search. During the search of Cassell's room, police recovered a loaded 9–mm pistol, a loaded AR–15 (.223–caliber, semiautomatic) assault rifle, and $3150 in cash. From Hart's room, police recovered $750 in cash, marijuana, a .32 revolver, and .22 caliber ammunition. Hart, who was present during part of the search, was carrying $1429 in cash on his person. From other parts of the house the police recovered additional marijuana, approximately $11,500 worth of crack cocaine, scales, ziplock bags, additional 9–mm ammunition, .30 caliber ammunition, cocaine base residue on a plate with Cassell's fingerprint on it, and a magazine for a semiautomatic weapon. At the scene, police arrested Hart, who subsequently agreed to plead guilty to Carrying a Pistol Without a License ("CPWL") and to testify against Cassell.

## II. Proceedings Below

Prior to Cassell's trial, prosecutors sought to introduce evidence of Cassell's two prior gun possessions. Specifically, prosecutors sought to introduce evidence of a 1997 CPWL conviction stemming from an arrest in a housing complex in Washington, D.C. called Sursum Corda. At the time of this prior arrest, Cassell had a loaded, 9–mm semi-automatic firearm in his pants pocket. · Prosecutors also sought to introduce evidence that a few weeks before the search of Hart's apartment, Cassell's car was impounded and towed from Sursum Corda. During transport of his car, a loaded, 9–mm semi-automatic

---

1. Cassell was also convicted of two other charges that are not relevant to this appeal.

firearm fell from underneath the rear bumper.

Cassell objected to this testimony on grounds it violated Federal Rules of Evidence 404(b) and 403. *See* Fed.R.Evid. 404(b) (evidence of other crimes or acts); Fed.R.Evid. 403 (unfair prejudice). The government contended that the evidence was probative of Cassell's knowing and intentional possession of the firearms recovered from his bedroom, and that his possession of those firearms was not mistaken, accidental, or inadvertent. The government also contended that the evidence was probative of his criminal intent and state of mind. Although the parties misunderstood the district court's initial ruling, a review of the record from the evidentiary hearing indicates that the district court ruled that the government could introduce the fact that Cassell was convicted of a felony in 1997 to establish the predicate element of the felon in possession charge,[2] but it could not introduce the fact that the conviction stemmed from a gun-related offense because doing so would be more prejudicial than probative. The district court also ruled that with respect to the circumstances surrounding the 1997 conviction and the 9–mm firearm recovered from Cassell's car, the evidence would be excluded as more prejudicial than probative, *see* Fed.R.Evid. 403, and as impermissible 404(b) evidence. *See* Fed.R.Evid. 404(b). The court did rule, however, that this evidence could be admitted under Rule 404(b) as a circumstantial link to the ammunition found in Hart's house,[3] or if Cassell asserted a "lack of knowledge" defense.

Once at trial, Cassell asserted both during opening argument and through cross-examination of government witnesses that the firearms were not his, but instead belonged to Hart. At the end of the government's case-in-chief, the government tendered a proposed stipulation to the defense which included the fact that the 1997 conviction involved a firearm as well as the factual circumstances surrounding the underlying arrest. When Cassell objected on grounds that the stipulation included facts which the district court had ruled inadmissible, the district court reviewed its notes from the evidentiary hearing and clarified its earlier ruling. The court reiterated its earlier decision that the government was prohibited under Rule 403 from presenting evidence that the 1997 conviction involved a firearm. The court then restated its 404(b) decision—ruling that the two prior gun possessions would be excluded unless there was an "explicit or an implicit indication during the government's case brought by the defense of lack of knowledge." After evaluating the evidence so far presented, the district court ruled that "the cross-examination in this case so far clearly has left an impression with the jury that the defense is that [the guns] were not the defendant's." The court thereafter admitted the evidence of the two prior gun possessions after "having examined it under [Federal Rule of Evidence] 404(b) and also having examined it under [Federal Rule of Evidence] 403." The parties then stipulated to the facts surrounding Cassell's 1997 conviction as well as the facts surrounding the recovery of the weapon that fell from Cassell's car.

**2.** Cassell's CPWL conviction was actually a misdemeanor conviction that could not serve as the predicate offense for a § 922(g) charge; however, Cassell had a prior felony conviction to which the parties stipulated at trial.

**3.** The evidence admitted at trial established that the 9–mm magazine and ammunition re-

covered from Hart's house fit the 9–mm firearm recovered from Cassell's bedroom, and the government did not attempt at trial to link either of the prior gun possessions to the 9–mm ammunition recovered from Hart's house.

Cassell now contends that the district court mistook his "lack of possession" defense for a "lack of knowledge" defense by "confus[ing] a denial of the required mens rea, which would arguably increase the legitimate probative value of the prior gun possessions on the issue of mens rea, with a denial of the act of possession, which would not." We reject Cassell's argument because we reject the distinction he makes between knowledge and possession with respect to the firearms recovered from his room, and because we agree with the district court's analysis under Rules 404(b) and 403.

## III. Analysis

■ Federal Rule of Evidence 404(b) prohibits "[e]vidence of other crimes, wrongs, or acts ... to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b). Although stated as a restriction, the Rule is actually one of "inclusion rather than exclusion." *United States v. Bowie*, 232 F.3d 923, 929 (D.C.Cir.2000). Evidence is only prohibited if it is offered for the impermissible inference that a defendant is of bad character resulting in bad conduct. *See, e.g., United States v. Miller*, 895 F.2d 1431, 1436 (D.C.Cir.), *cert. denied*, 498 U.S. 825, 111 S.Ct. 79, 112 L.Ed.2d 52 (1990). Thus evidence of a defendant's prior bad acts *is* admissible for purposes *unrelated* to the defendant's character or propensity to commit crime, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b); *see also Miller*, 895 F.2d at 1436 ("[U]nder Rule 404(b), *any* purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character.").

■ Given this focus on inclusion, our Rule 404(b) analysis begins with a determination of whether the evidence is probative of some issue other than character. *United States v. Washington*, 969 F.2d 1073, 1080 (D.C.Cir.1992), *cert. denied*, 507 U.S. 922, 113 S.Ct. 1287, 122 L.Ed.2d 679 (1993). We will not sustain a Rule 404(b) objection if the evidence of other crimes is relevant, relates to something other than character or propensity, and supports a jury finding that the defendant committed the other crime or act. *See Bowie*, 232 F.3d at 930. Once past this first step, the evidence is admitted unless it is otherwise prohibited under any of the other " 'general strictures limiting admissibility,' " such as Rule 403. *Washington*, 969 F.2d at 1080 (quoting *Miller*, 895 F.2d at 1435). With this framework in mind, we review a district court's Rule 404(b) decision for abuse of discretion, *Bowie*, 232 F.3d at 926–27, and afford it "much deference on review." *United States v. King*, 254 F.3d 1098, 1104 (D.C.Cir.2001) (Henderson, J., concurring) (internal quotations and citations omitted). After considering the arguments before us, we conclude that the district court properly admitted evidence of Cassell's prior gun possessions because it was relevant to show knowledge of, and intent to possess, the firearms recovered from his room, and was not more prejudicial than probative.

A. Admission of Evidence under Rule 404(b)

■ In order to convict Cassell of the possession charges, the government was required to prove that he knowingly possessed the firearms recovered from his bedroom. Because there is no evidence that Cassell actually possessed the firearms, the government could establish that Cassell constructively possessed the firearms by proving that he " 'knew of, and was in a position to exercise dominion and control over' " them. *United States v. Clark*, 184 F.3d 858, 863 (D.C.Cir.1999)

(quoting *United States v. Byfield,* 928 F.2d 1163, 1166 (D.C.Cir.1991)). A successful conviction, then, includes proof of a physical element (dominion and control over the actual weapons) as well as a mental element (knowing possession). In this case, the physical element is not contested;. Cassell does not dispute that the firearms were recovered from his bedroom. He instead disputes the fact that he ever possessed the firearms, either knowingly or unknowingly, because, according to him, the firearms belonged to his uncle. He contends that this "lack of possession" defense is fundamentally different from the "lack of knowledge" defense identified by the district court and relied upon as the basis for admitting his prior acts of gun possession.

We do not think that the concepts of knowledge and intent are so easily separated from possession in this case. Although the district court's initial ruling and subsequent explanation of that ruling may not have explicitly defined the concept, we think it is clear from the record that the element in dispute was the mental element required for a conviction—that is, Cassell's knowing (and intentional) possession of the firearms recovered from his bedroom. We have previously held that "in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." *King,* 254 F.3d at 1100 (citing *Huddleston v. United States,* 485 U.S. 681, 689, 108 S.Ct. 1496, 99 L.Ed.2d 771·(1988)). We also acknowledged in *United States v. Crowder,* 141 F.3d 1202, 1208 (D.C.Cir. 1998) (en banc), *cert. denied,* 525 U.S. 1149, 119 S.Ct. 1049, 143 L.Ed.2d 55 (1999), that a jury could infer possession from motive, which could in turn be inferred from intent. ("Intent would thereby serve as an intermediate fact from which the jury could infer another inter-mediate fact—motive—from which it could in turn.·infer the element of possession.") Thus "other-offense evidence of ·intent would have probative value not just on·the intent element, but also on the possession element of the offense," an element derived in part from the subordinate element of intent. *Id.*

Cassell seems to agree. In his briefs submitted to this Court, Cassell states that he "has not asserted on appeal that the prior gun possessions were not relevant to knowledge and intent." Cassell asserts instead that the district court's initial ruling to exclude the evidence as more prejudicial than probative was correct, and that nothing in his defense was offered to tip the scales in favor of admission of the prior gun possession evidence. We address the district court's Rule 403 decision in section III.B., *infra,* and note here simply that despite Cassell's apparent concession, we must still conform our Rule 404(b) analysis to the two-step process set forth in *Washington,* which begins with a determination of whether the ·evidence is offered for a permissible purpose. 969 F.2d at 1080.

Other Circuits follow a similar approach. In *United States v. Wayne Brown,* 961 F.2d 1039 (2d Cir.1992), the Second Circuit considered the admissibility of other firearms possession by the defendant in a case with circumstances quite similar to those before us. The *Brown* defendant rented a basement apartment that was accessible to the landlord. After the landlord found several ·firearms in the defendant's apartment, including an Uzi machine gun, she contacted the police. The defendant was charged only with illegal possession of the Uzi; evidence of the other firearms was admitted under Rule 404(b) as "similar acts" to show "intent, ·... knowledge, ... or ·absence of mistake or accident." *Id.* at 1042 (quoting Fed.R.Evid. 404(b)). The *Brown* defendant then put forth a "lack of

possession" defense similar to the one Cassell offers here by arguing that other people had access to his apartment and could have been responsible for the presence of the firearms. The *Brown* defendant also argued that by denying possession of the firearms, he removed the issue of intent from the case. The Second Circuit disagreed, holding instead that the presence of the other firearms in his apartment made it more likely that the Uzi belonged to him, "thus tending to establish both his knowledge, and the absence of mistake or accident, with respect to the presence of the Uzi in his apartment." *Id.* The Second Circuit concluded that introducing the evidence of the other firearms for that purpose was permissible under Rule 404(b). *Id.*; *see also United States v. Davis,* 792 F.2d 1299, 1305 (5th Cir.1986) (holding that defendant's prior possession of the same weapons was admissible to establish that his charged possession was knowing); *United States v. Mills,* 29 F.3d 545, 549 (10th Cir.1994) ("Use of prior acts to show knowledge is a proper purpose under Rule 404(b) and knowledge is relevant to establish scienter for [a] possession of a firearm violation."); *United States v. Gomez,* 927 F.2d 1530, 1534 (11th Cir.1991) (prior conviction of possession of firearms relevant to current charge of possession of firearm to rebut claim that the current firearm possession was for an "innocent purpose" or "was mere accident or coincidence").

We addressed an analogous situation in *United States v. James Brown,* 16 F.3d 423 (D.C.Cir.), *cert. denied,* 513 U.S. 900, 115 S.Ct. 257, 130 L.Ed.2d 178 (1994). Our *Brown* case involved charges stemming from gun and drug paraphernalia recovered from a safe during a search of the home of a friend of the defendant. The defendant challenged the admission of evidence that he possessed a firearm when arrested following the search. We ruled that evidence of the defendant's gun possession during his arrest would be inadmissible if offered to show the defendant's propensity to sell drugs or to act in conformity with a drug dealer's character. *Id.* at 431. However, we held that the defendant's gun possession during his arrest was admissible under Rule 404(b) because it was "relevant to show intent, knowledge or absence of mistake with respect to the firearms found in the safe" during the earlier search. *Id.*

█ Fundamentally, appellant's argument is that because he did not contest intent or knowledge, the prosecution could not have offered his prior gun possession evidence for the purpose of proving those elements. This is a non sequitur. We rejected a stronger version of the same argument in *United States v. Crowder.* There, as here, a criminal defendant argued that his prior conviction could not be offered against him because his knowledge, intent, and *modus operandi,* the purposes for which the government purported to offer the evidence, were not at issue. 141 F.3d at 1204. Crowder's position was stronger than Cassell's, in that he not only did not directly contest the elements, he affirmatively offered a stipulation. Following the dicta of the United States Supreme Court in *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), we rejected that argument affirming the ability of the prosecution to prove the elements of the crime by evidence of its choosing and holding that "*Old Chief* establishes that the prosecution cannot be forced to stipulate away the force of such evidence." *Crowder,* 141 F.3d at 1207. It is fundamental to the criminal law of the United States that the prosecution must prove every element of the offense beyond a reasonable doubt. As we noted above, the elements of Cassell's crime included possession, which in turn requires knowledge and intent. A

prior history of intentionally possessing guns, or for that matter chattels of any sort, is certainly relevant to the determination of whether a person in proximity to such a chattel on the occasion under litigation knew what he was possessing and intended to do so. If Cassell had been standing in an apartment close to a gun and never possessed one before, a jury might find it less likely that his proximity evidenced knowing and intentional possession. Granted, this evidence does go to propensity, the character circumstance forbidden by Rule 404(b). But Rule 404(b) never bars the admission of evidence. Rule 404(b) only "prohibit[s] the admission of other crimes evidence ... for the *purpose* of proving a person's actions conformed to his character." *Crowder*, 141 F.3d at 1206 (citing *United States v. Jenkins*, 928 F.2d 1175, 1180 (D.C.Cir.1991) (emphasis added)). As we have said before, "Rule 404(b) bars not evidence as such, but a theory of admissibility." *Id.* True, the evidence may tend to show that Cassell is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before and restated above, under Rule 404(b), "*any* purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character." *Miller*, 895 F.2d at 1436.

In short, we conclude that evidence of Cassell's prior gun possessions was relevant to show his knowledge of and intent to possess the firearms recovered from his bedroom. The record before us indicates that the government did not attempt to introduce the evidence to prove conduct in conformity with Cassell's prior bad acts. Such use would, of course, run afoul of Rule 404(b)'s prohibition against propensity-based relevance. Instead, the government offered the evidence to prove Cassell's knowledge, intent, and lack of mistake regarding the firearms recovered

from his room. The district court accepted this purpose as permissible under Rule 404(b). Because the evidence concerning Cassell's prior firearm possessions was admitted for a proper purpose, it passes the first step of our analysis under *Washington*.

## B. Admission of Evidence under Rule 403

■ As we explained in section III.A., *supra*, our analysis does not end after determining that prior bad acts evidence is probative to a non-character issue under Rule 404(b). We must continue with a determination of whether the district court erred in determining that the evidence is admissible under Rule 403. *See Washington*, 969 F.2d at 1080. Federal Rule of Evidence 403 prohibits the admission of relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice...." Thus after holding that evidence of his prior gun possessions is probative of Cassell's knowledge and intent, the district court was also required to determine whether any prejudicial effect of the evidence substantially outweighed its probative value so that the evidence should have been excluded. *Id.* We conclude that the court did not abuse its discretion in its determination that the evidence of Cassell's prior gun possessions was admissible under Rule 403.

■ Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases," even when other crimes evidence is involved. *United States v. Moore*, 732 F.2d 983, 989 (D.C.Cir.1984). In performing the balancing test required under Rule 403, " 'it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged.' " *Id.* (quoting *United States v. Day*, 591 F.2d 861, 878 (D.C.Cir.1978)). Moreover, "[t]he trial court is in the best

position to perform this subjective balancing, and its decision should be reviewed only for 'grave abuse.'" *Washington,* 969 F.2d at 1081 (quoting *United States v. Manner,* 887 F.2d 317, 322 (D.C.Cir.1989)).

Upon review, we conclude that there was no "grave abuse" in the district court's decision to admit evidence of Cassell's prior gun possessions. The district court's original ruling that Cassell's prior gun possessions would be excluded under Rule 403 has little influence over our evaluation of its subsequent ruling to admit that evidence. The district court conducted subsequent Rule 404(b) and 403 analyses on the record after considering the evidence presented and after hearing from both parties. It would make little sense to hold a district court to a pre-trial ruling when other evidence has come to light at trial that directly affects the admissibility of the contested evidence. The contested evidence's probative value was high as it was relevant to an issue other than Cassell's character: it concerned Cassell's knowledge and intent with respect to the firearms recovered from his bedroom. The government was required to prove that Cassell knowingly possessed the firearms found in his room. The fact that Cassell had previously possessed weapons tends to make it less probable that the weapons recovered from his bedroom were there without his knowledge, without intent, or by accident or mistake. *See Brown,* 16 F.3d at 432. Finally, the court could reasonably have found only a low risk that unfair prejudice would substantially outweigh the evidence's probative value.

We acknowledge that evidence of prior gun possessions may be prejudicial in a subsequent trial for gun possession, *see Old Chief,* 519 U.S. at 185, 117 S.Ct. at 652. Nonetheless, this does not suggest that such evidence has an automatic unfair and substantial prejudicial effect on the jury. *See, e.g., Dollar v. Long Mfg., N.C.,*

*Inc.,* 561 F.2d 613, 618 (5th Cir.1977) ("'[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'"). In this case, the evidence was offered for a proper purpose under Rule 404(b)—to establish Cassell's knowledge and intent. Moreover, the district court instructed the jury that it was only to consider the evidence for the limited and proper purposes of *modus operandi,* specific intent, knowledge, and absence of mistake or accident. This is the type of instruction that "can sufficiently protect a defendant's interest in being free from undue prejudice." *United States v. Perholtz,* 842 F.2d 343, 361 (D.C.Cir.), *cert. denied,* 488 U.S. 821, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988) (citation omitted). Without "compelling or unique evidence of prejudice in this case that warrants upsetting the trial court's determination" to admit the evidence, the district court's decision stands. *Washington,* 969 F.2d at 1081.

## IV.   Conclusion

For the reasons stated, we conclude that the district court's decision to admit evidence of Cassell's prior gun possessions was made in accordance with Federal Rules of Evidence 404(b) and 403. Cassell's convictions are affirmed.