# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued May 9, 2008          Decided May 27, 2008

No. 06-3130

UNITED STATES OF AMERICA,
APPELLEE

v.

LEWIS D. MCCARSON,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 05cr00068-01)

*James W. Beane, Jr.*, appointed by the court, argued the cause and filed the brief for appellant.

*Stratton C. Strand*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese III* and *Thomas J. Tourish, Jr.*, Assistant U.S. Attorneys.

Before: GINSBURG, BROWN, and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GINSBURG.

GINSBURG, *Circuit Judge*:  A jury found Lewis McCarson guilty of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), and of possessing with the intent to distribute five grams or more of cocaine base, *see* 21 U.S.C. § 841(a)(1) & (b)(1)(B)(iii).  He was acquitted of possessing a firearm during a drug-trafficking offense, *see* 18 U.S.C. § 924(c)(1), and of possessing with the intent to distribute marijuana, *see* 21 U.S.C. § 841(a)(1) & (b)(1)(D).  On appeal, McCarson argues that evidence of the gun and the drugs, which the U.S. Marshals discovered while executing a warrant for McCarson's arrest in connection with another charge, should be suppressed as the fruits of an unreasonable search in violation of the Fourth Amendment to the Constitution of the United States.  In addition, McCarson contends the district court erroneously applied Rules 404(b) and 403 of the Federal Rules of Evidence in allowing the Government to introduce evidence of his prior convictions.  We find merit in neither argument and therefore affirm the conviction.

## I.  Background

Having learned from a reliable source that McCarson was staying at his girlfriend's apartment in the District of Columbia, Deputy U.S. Marshals went to her apartment early one morning with a warrant for his arrest.  McCarson answered the door wearing boxer undershorts and a t-shirt and holding an infant in his arms.  The Marshals, who recognized him from a photograph, directed McCarson to sit at the kitchen table, which he did, and conducted a protective sweep of the two-bedroom apartment, in the course of which they discovered nothing of concern.  In preparation for his arrest, McCarson made a telephone call to ensure that somebody would take custody of the child and said he wanted to wear his black pants, coat, and shoes, which were in one of the bedrooms.  A Marshal told McCarson to remain seated, and two other Marshals went into

the bedroom to get those articles. In the process of retrieving them, one of the Marshals noticed marijuana in an open drawer of a dresser inches away from him and then saw an automatic handgun in another drawer, which was also ajar; the latter drawer also contained crack cocaine, which the district court found to have been in plain sight either from the outset or once the Marshals removed the gun.

## II. Analysis

On appeal, McCarson argues first that the gun and narcotics should have been suppressed under the Fourth Amendment. In *Payton v. New York*, 445 U.S. 573 (1980), however, the Supreme Court explained that "an arrest warrant ... implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Id.* at 603. Although the Marshals had a warrant for McCarson's arrest and discovered the contraband in plain sight while effecting the arrest, *see Harris v. United States*, 390 U.S. 234, 236 (1968) (evidence found in plain view is admissible), McCarson contends on the authority of *Steagald v. United States*, 451 U.S. 204 (1981), the contraband should be suppressed; he submits the Marshals were obliged to obtain a search warrant because they arrested him at a residence other than his own.[*]

---

[*] McCarson challenges neither the reasonableness of the Marshals' belief McCarson was at his girlfriend's apartment nor their authority, in connection with effecting the arrest, to enter the bedroom where they found the contraband. Although counsel contended at oral argument that the evidence was not found in plain sight, that argument appears nowhere in the defendant's briefs and so is not properly before us. *United States v. Johnson*, 519 F.3d 478, 489 (D.C. Cir. 2008).

McCarson's argument that the evidence should have been excluded from his trial finds no support in *Steagald*. There the police, who had obtained a warrant for the arrest of one Lyons, learned from an informant that Lyons was staying at a certain address, which turned out to be the residence of one Steagald. The police searched Steagald's home but, instead of Lyons, found narcotics. The Supreme Court held the drugs were inadmissible as against the householder, Steagald, *id.* at 216, but had no occasion to address the Fourth Amendment rights of Lyons, *see id.* at 212-13. Nothing in *Steagald*, therefore, bears upon McCarson's situation, as opposed to that of the woman whose apartment was searched.[*] Nor does McCarson have standing to invoke her rights in his defense. *United States v. Salvucci*, 448 U.S. 83, 85 (1980) ("defendants charged with crimes of possession may only claim the benefits of the exclusionary rule if their own ... rights have ... been violated"). We hold, therefore, that the gun and drugs were admissible as evidence against McCarson.

McCarson next challenges the admissibility at trial of four prior convictions -- two for possession of a gun and two for

---

[*] We have said as much in analogous cases on at least two occasions, *United States v. Taylor*, 497 F.3d 673, 679 (2007); *United States v. Searles*, 24 F.3d 1464 (Table), 1994 WL 246130, at *1 (1994), as has every other court of appeals to have decided the issue. *See United States v. Pruitt*, 458 F.3d 477, 481-82 (6th Cir. 2006); *United States v. Agnew*, 407 F.3d 193, 196-97 (3d Cir. 2005); *United States v. Kaylor*, 877 F.2d 658, 663 n.5 (8th Cir. 1989); *United States v. Underwood*, 717 F.2d 482, 484 (9th Cir. 1983) (en banc) ("If an arrest warrant and reason to believe the person named in the warrant is present are sufficient to protect that person's fourth amendment privacy rights in his own home, they necessarily suffice to protect his privacy rights in the home of another"); *see also United States v. Snype*, 441 F.3d 119, 133 (2d Cir. 2006) (leaving issue open); *United States v. Weems*, 322 F.3d 18, 23 n.3 (1st Cir. 2003) (same).

distribution of crack cocaine -- on the ground that the evidence was inadmissible under Rules 404(b) and 403 of the Federal Rules of Evidence. Rule 404(b), which governs the admissibility of "[e]vidence of other crimes, wrongs, or acts," excludes evidence submitted "to prove the character of a person in order to show action in conformity therewith," whereas Rule 403 provides that otherwise relevant evidence, including evidence of other crimes, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice"; the application of both Rules is committed to the discretion of the district court. *United States v. Bowie*, 232 F.3d 923, 926-27 (D.C. Cir. 2000) (rulings under Rule 404(b) reviewed for abuse of discretion); *United States v. Washington*, 969 F.2d 1073, 1081 (D.C. Cir. 1992) (rulings under Rule 403 reviewed only for "grave abuse"). We conclude the district court did not abuse its discretion.

First, it is clear the evidence is admissible under Rule 404(b). In *United States v. Cassell*, 292 F.3d 788, 792-95 (2002), we held evidence of a prior conviction for possession of contraband is relevant (and admissible under Rule 404(b)) when, as here, a defendant is charged with constructive possession of the same type of contraband -- there a gun carried without a license. And in *United States v. Douglas*, 482 F.3d 591, 596-600 (2007), we held evidence of a prior offense involving the sale of a drug was relevant to prove the defendant knew he possessed the drug and had the intent to distribute it.

McCarson nonetheless argues the evidence of his prior convictions for possessing firearms and selling crack cocaine is inadmissible under Rule 404(b) because his knowledge and intent were not at issue; the only issue was whether he possessed the gun and the drugs. In *Cassell*, however, we rejected the distinction between knowledge and possession when a defendant is charged with constructive possession, because "[a] successful

conviction" for constructive possession requires proof of "a mental element (knowing possession)," as well as "a physical element (dominion and control ...)." 292 F.3d at 792-94. Furthermore, McCarson's choice not to put at issue an element of the charged offense is irrelevant to the admissibility of evidence offered to prove that element. *United States v. Crowder*, 141 F.3d 1202, 1205-09 (D.C. Cir. 1998) (en banc); *see also Old Chief v. United States*, 519 U.S. 172, 186-89 (1997) ("the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away").

Finally McCarson contends the evidence of his prior convictions, even if relevant, should have been deemed inadmissible under Rule 403. It is clear, however, the district court did not "grave[ly] abuse" its discretion in admitting McCarson's prior convictions. *Douglas*, 482 F.3d at 596. Rule 403 requires the district court to assess whether the "probative value" of the evidence "is substantially outweighed by the danger of unfair prejudice." McCarson's prior convictions were not only relevant; they were also highly probative of both his intent to distribute the crack cocaine and his constructive possession of the gun and the drugs. This evidence tended to undercut his argument at trial that the contraband belonged to his girlfriend because the Marshals found the contraband in his girlfriend's apartment inside a dresser containing what appeared to be her rather than his belongings. *Cf. Cassell*, 292 F.3d at 793 (evidence of prior conviction permitted where defendant "disputes the fact that he ever possessed ... firearms ... because, according to him, the firearms belonged to his uncle" in whose house they were found). Moreover, as in *Douglas*, 482 F.3d at 601, and *Cassell*, 292 F.3d at 796, the district court here instructed the jury that the evidence was being admitted and was to be considered only "with respect to the issues of intent and knowledge and for nothing else." Where, as here, there is no "compelling or unique evidence of prejudice," we deem such a

limiting instruction "sufficient[]" to "protect a defendant's interest in being free from undue prejudice" by virtue of his prior conviction(s) being put into evidence. *Cassell*, 292 F.3d at 796 (internal quotation marks omitted).

## III. Conclusion

For the reasons given above, the judgment of the district court is

*Affirmed.*