**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4208**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

WARDELL R. BROWN,

                Defendant – Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Peter J. Messitte, Senior District Judge.  (8:07-cr-00234-PJM-1)

_____

Submitted:  September 15, 2010      Decided:  October 22, 2010

_____

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

James Wyda, Federal Public Defender, Lauren E. Case, Ariel S. Glasner, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Emily N. Glatfelter, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Wardell R. Brown of possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Brown argues that the district court abused its discretion in admitting evidence under Fed. R. Evid. 404(b) that, in 1996 and 1997, Brown possessed a firearm. For the following reasons, we reject Brown's contention and affirm.

Rule 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. Furthermore, "[t]o be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." United States v. Siegel, 536 F.3d 306, 317 (4th Cir. 2008) (internal quotation marks and citation omitted). "Rule 404(b) is . . . an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition," United States v. Young, 248 F.3d 260, 271-72 (4th Cir. 2001) (internal quotation marks and citation omitted), and, "[a]s a rule of

inclusion, the rule's list is not exhaustive." United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997).

"Evidence sought to be admitted under Rule 404(b) must also satisfy [Fed. R. Evid.] Rule 403[] . . . ." Siegel, 536 F.3d at 319. Under Rule 403, "damage to a defendant's case is not a basis for excluding probative evidence" because "[e]vidence that is highly probative invariably will be prejudicial to the defense." United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998). "Rule 403 only requires suppression of evidence that results in unfair prejudice--prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice substantially outweigh[s] the probative value of the evidence." United States v. Mohr, 318 F.3d 613, 619-20 (4th Cir. 2003) (internal quotation marks and citation omitted).

Brown contends that the Government's evidence that he possessed a firearm in 1996 and 1997 was offered to prove his bad character and was thus inadmissible under Rule 404(b). In contrast, the Government contends that the evidence, which was admitted with a limiting instruction, was admissible to prove Brown's knowledge and intent to possess the firearm in this case.

The Government may prove the possession element in a § 922(g) prosecution by showing actual or constructive

3

possession of the firearm.  United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006).  "'Actual possession' is defined as '[p]hysical . . . control over property.'"  Id. (quoting Black's Law Dictionary 1201 (8th ed. 2004)).  Constructive possession exists when the evidence shows "that the defendant intentionally exercised dominion and control over the firearm, or had the power and intention to exercise dominion and control over the firearm."  United States v. Scott, 424 F.3d 431, 435-36 (4th Cir. 2005).

In cases like Brown's, involving constructive possession, evidence of prior firearm possession is admissible to show knowledge and intent.  See, e.g., United States v. McCarson, 527 F.3d 170, 173-74 (D.C. Cir. 2008); United States v. Moran, 503 F.3d 1135, 1143-46 (10th Cir. 2007); United States v. Strong, 415 F.3d 902, 904-06 (8th Cir. 2005); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992).  Such evidence is admissible because, "in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged."  United States v. Cassell, 292 F.3d 788, 793 (D.C. Cir. 2002) (internal quotation marks and citation omitted).  Our review of the trial transcript leads us to conclude that the evidence of Brown's gun possession in 1996 and 1997 was admissible under

4

Rule 404(b) to prove Brown constructively possessed the firearm involved in the instant offense.

Brown argues in the alternative that the evidence nonetheless was inadmissible because of the passage of time between his prior gun possession and the instant case and because of its failure to meet Rule 403's balancing test. We disagree. The passage of time did not require exclusion of this relevant, probative evidence. See Moran, 503 F.3d at 1145-46; Strong, 415 F.3d at 905-06. Moreover, "because [Brown] denied he had knowledge of the [revolver], the prior conviction had clear probative value in rebutting this defense." Moran, 503 F.3d at 1145-46. Thus, the evidence "undercut [Brown's] argument at trial that the [firearm] belonged to [someone else]." McCarson, 527 F.3d at 174; see also Moran, 503 F.3d at 1146 (same); Strong, 415 F.3d at 906 (same). Finally, the district court reduced the risk of unfair prejudice by giving limiting instructions to the jury, explaining that the jury could consider the evidence only in determining Brown's knowledge and intent. See Queen, 132 F.3d at 997.

We therefore conclude that the district court did not abuse its discretion in admitting the challenged evidence. See United States v. Delfino, 510 F.3d 468, 470 (4th Cir. 2007) (stating standard of review). Accordingly, we affirm the district court's judgment. We dispense with oral argument

5

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED