**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4021**

_____

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

GLEN ALLEN STEWART, JR.,

           Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:14-cr-00090-FL-1)

_____

Submitted: September 28, 2015      Decided: October 13, 2015

_____

Before NIEMEYER, KEENAN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas R. Wilson, GREENE & WILSON, P.A., New Bern, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Glen Allen Stewart, Jr., guilty of possessing a firearm and ammunition after sustaining a felony conviction, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Stewart to 120 months in prison. On appeal, Stewart challenges his conviction, asserting first that the Government's evidence of his guilt was legally insufficient and, second, that the district court abused its discretion in admitting certain evidence pursuant to Fed. R. Evid. 404(b). We find these contentions lack merit and therefore affirm the judgment.

I.

We review the sufficiency of the evidence supporting a conviction de novo. United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013). "A defendant bringing a sufficiency challenge must overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear." United States v. Engle, 676 F.3d 405, 419 (4th Cir. 2012) (citation and internal quotation marks omitted). In assessing the sufficiency of the evidence, our review is limited to determining whether, viewing the evidence in the light most favorable to the Government and accepting the factfinder's determinations of credibility, the verdict is supported by substantial evidence, that is, "evidence that a reasonable

2

finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted).

To convict Stewart of violating 18 U.S.C. § 922(g)(1), the Government was required to prove beyond a reasonable doubt that Stewart was previously convicted of a crime punishable by a term of imprisonment exceeding one year; he knowingly possessed the firearm and ammunition; and the possession was in or affecting commerce, because the firearm and ammunition traveled in interstate or foreign commerce. United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006) (en banc). Because Stewart stipulated that he had been convicted of a felony and the uncontradicted testimony of an ATF agent established an interstate nexus, the only contested issue in this case was whether Stewart "knowingly possessed" the firearm and ammunition.

"Liability under § 922(g)(1) may arise from a felon's voluntary and intentional possession of a firearm, whether the felon possessed the weapon actually or constructively, exclusively or jointly with others." United States v. Graham, 796 F.3d 332, 376 (4th Cir. 2015). "A person may have constructive possession of contraband if he has ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed." United States

3

v. Herder, 594 F.3d 352, 358 (4th Cir. 2010). Constructive possession may be proven by either circumstantial or direct evidence. "Either way, a fact finder may properly consider the totality of the circumstances" in determining whether the Government has met its burden of proof. Id.

Taken in the light most favorable to the prosecution, we find ample record support for the jury's finding that Stewart constructively possessed the firearm and ammunition found in the vehicle on the night in question. Specifically, both of the police officers involved in the traffic stop underlying this prosecution testified to seeing a gun, which was loaded, protruding from the vehicle's center console. Stewart was driving the vehicle, which he had borrowed from his aunt. At a minimum, then, Stewart had dominion and control over the vehicle in which the loaded firearm was located, which is enough to support a conviction under a constructive possession theory. Id.

But the Government's evidence went further. The police officer who first observed the firearm offered clear and unequivocal testimony describing the close proximity between Stewart and the gun—explaining that the firearm was within inches of Stewart's body—and that Stewart glanced toward the gun and began to move his hand toward it after the officer directed Stewart to raise his hands. This evidence also establishes

4

Stewart's constructive possession of the firearm, as it was readily within his reach and at his disposal. See United States v. Shrader, 675 F.3d 300, 308 (4th Cir. 2012) ("[W]e have repeatedly affirmed the right of juries to consider proximity as a part of their analysis of a defendant's constructive possession.").

Stewart attempts to cast doubt on the veracity of the officers' testimony, emphasizing the lack of fingerprint evidence linking Stewart to the firearm and ammunition and the officers' failure to videotape the stop or take photographs on the scene. But it is the role of the jury to weigh the credibility of the evidence, to resolve conflicts in the evidence, and—where the evidence supports different, reasonable interpretations—to decide which interpretation to credit. McLean, 715 F.3d at 137. The jury was entitled to accept the officers' testimony and, on substantial evidence review, we will not weigh evidence or review witness credibility.

II.

Stewart next argues that the district court abused its discretion by admitting, under Fed. R. Evid. 404(b), the testimony of Deputy Sheriff Frank Barbagallo, with the Flagler County (Florida) Sheriff's Office, and evidence of Stewart's two prior convictions for being a felon in possession of a firearm. Deputy Sheriff Barbagallo testified that, in March 2014—only a

5

few months after the events underlying Stewart's prosecution in this case—he stopped another vehicle Stewart was driving, also loaned to Stewart by his aunt, and that several rounds of ammunition were found during a later inventory search of that vehicle.

We review a district court's "decision to admit evidence under Rule 404(b) for abuse of discretion." United States v. Byers, 649 F.3d 197, 206 (4th Cir. 2011). Under Rule 404(b), evidence of other bad acts may be admitted as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," but "not . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with [his] character." Fed. R. Evid. 404(b).

"Rule 404(b) is an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." United States v. Wilson, 624 F.3d 640, 651 (4th Cir. 2010) (internal quotation marks omitted). "To be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." United States v. Siegel, 536 F.3d 306, 317 (4th Cir. 2008) (internal quotation marks omitted). Nevertheless, potential Rule 404(b) evidence should be excluded if its probative value is substantially outweighed by its unfair prejudice to the

6

defendant. United States v. Johnson, 617 F.3d 286, 296–97 (4th Cir. 2010).

Our review of the record confirms that Deputy Barbagallo's testimony meets all the criteria for admissibility under Rule 404(b). Moreover, despite Stewart's suggestion to the contrary, the district court's careful ruling with regard to the scope of Barbagallo's testimony, combined with the limiting jury instructions, eliminated the risk of unfair prejudice.

We likewise find no abuse of discretion in admitting evidence of Stewart's two prior convictions for possessing firearms as a convicted felon. See accord United States v. Moran, 503 F.3d 1135, 1144 (10th Cir. 2007) ("[T]he fact that [defendant] knowingly possessed a firearm in the past supports the inference that he had the same knowledge in the context of the charged offense."); United States v. Jernigan, 341 F.3d 1273, 1281 (11th Cir. 2003) ("[T]he caselaw in this and other circuits establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)."); United States v. Cassell, 292 F.3d 788, 794-95 (D.C. Cir. 2002) ("A prior history of intentionally possessing guns, or for that matter chattels of any sort, is certainly relevant to the determination of whether

7

a person in proximity to such a chattel on the occasion under litigation knew what he was possessing and intended to do so.").

However, even if we were to conclude that the district court erred in admitting the Rule 404(b) evidence, Stewart would not be entitled to relief unless we also found that the error was not harmless. See United States v. Lighty, 616 F.3d 321, 355 (4th Cir. 2010). "Where error is founded on a violation of Rule 404(b), the test for harmlessness is whether we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Id. (internal quotation marks omitted). As discussed above with regard to the sufficiency of the Government's evidence, we readily conclude that the jury's verdict was not substantially swayed by the admission of either Deputy Barbagallo's testimony or evidence of Stewart's two prior felon-in-possession convictions.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED