# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 19-3098**

**September Term, 2020**

FILED ON: JANUARY 19, 2021

UNITED STATES OF AMERICA,
                    APPELLEE

v.

VICTOR A. BROWN, JR.,
                    APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cr-00124-1)

---

Before: SRINIVASAN, *Chief Judge*, HENDERSON* and MILLETT, *Circuit Judges*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia, briefed and argued by counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be **AFFIRMED**.

Victor Brown (Brown) was found guilty of one count of unlawful possession of a firearm and ammunition by a convicted felon under 18 U.S.C. § 922(g)(1) and one count each of possessing with intent to distribute, respectively, cocaine and fentanyl under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Brown argues his § 922(g)(1) conviction should be vacated because the indictment, jury instructions and evidence did not meet the most recent United States Supreme Court precedent regarding that offense's knowledge-of-status requirement. *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Brown also argues the district court abused its discretion when it admitted evidence of his past convictions.

---

* A separate concurring statement by Circuit Judge Henderson is attached.

On March 22, 2019, the Metropolitan Police Department (MPD) executed a search warrant at 4021 Illinois Avenue NW. On the first floor of the house, MPD officers found Brown—with $2,893 in his pocket—and his grandmother, the homeowner. On the second floor, officers found another adult man in bedroom 1, no one in bedroom 2 and two adult women and two children in bedroom 3. When officers entered bedroom 2, Brown's photograph was visible on the dresser and officers discovered multiple items identifying Brown, including I.D. cards and mail with the Illinois Avenue address, photographs, a diploma, a bank card and a pill bottle with Brown's name on it, as well as men's shoes, jewelry and clothing. On the bed officers found several small bags containing a rock-like substance that officers suspected was contraband. Officers also found two plastic bags containing white rock-like substances in the bottom drawer of the nightstand. A forensic scientist identified the 72 rock-like substances as containing fentanyl and cocaine base. Officers also found in bedroom 2 two cutting agents, a sifter, digital scales, a metal tray and razor blade covered in white residue, a box of sandwich bags and unused zip-lock bags the same size as those on the bed. A narcotics expert testified that the evidence in bedroom 2 was more consistent with distribution of narcotics than personal use. Inside the bedside table officers found a loaded 9mm firearm on top of mail addressed to Brown. A fingerprint expert identified the prints on the slide of the firearm and magazine as Brown's.

On August 27, 2019, Brown was charged with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year under 18 U.S.C. § 922(g)(1) (Count One); possession with intent to distribute (PWID) cocaine base under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two); PWID fentanyl under 21 U.S.C. §§ 841(a)(1) and 84l(b)(1)(C) (Count Three); and using, carrying and possessing a firearm during a drug trafficking offense under 18 U.S.C. § 924(c)(1) (Count Four). On September 19, 2019, the jury found Brown guilty of Counts One, Two and Three but acquitted Brown of Count Four.

## I.    COUNT ONE 18 U.S.C. § 922(g)

Brown asks we vacate his Count One 18 U.S.C. § 922(g) conviction, citing the recent Supreme Court decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Brown argues both the indictment and jury instructions were defective and there was insufficient evidence to convict him because none complied with *Rehaif*'s knowledge-of-status requirement. The Government argues Brown waived all three claims. Irrespective of waiver, Brown cannot show error.

Under 18 U.S.C. § 922(g), "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm or ammunition. The penalty provision, 18 U.S.C. § 924(a)(2), mandates that anyone who "knowingly violates" 18 U.S.C. § 922(g) will be fined or imprisoned for up to 10 years. In *Rehaif*, the Supreme Court held "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status" and "therefore [the Government] must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194.

2

To the extent Brown argues *Rehaif* requires proof that he knew his status as a felon prohibited him from owning a gun—not that he simply knew his status as a felon—his argument is without merit. *Rehaif* held § 924(a)(2)'s knowledge requirement applies to both the "possession element" and "status element" of § 922(g). 139 S. Ct. at 2195–96. But *Rehaif* does not require knowledge of the criminal prohibition of § 922(g); instead "the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (*that he was a felon . . .*)[.]" *Id.* at 2194 (emphasis added). Thus, *Rehaif* requires nothing more than that the Government prove Brown knew he had been convicted of a crime punishable by imprisonment of more than one year. *See also United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019), *cert. denied sub nom. Hope v. United States*, 140 S. Ct. 814 (2020), *and cert. denied*, 140 S. Ct. 2572 (2020); *United States v. Maez*, 960 F.3d 949, 954–55 (7th Cir. 2020); *United States v. Singh*, 979 F.3d 697, 727–28 (9th Cir. 2020); *United States v. Burke*, 823 F. App'x 777, 779 n.5 (11th Cir. 2020) (per curiam).

Brown cannot show error in the indictment because it plainly complied with *Rehaif*. Generally, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Count One of the indictment expressly charged the knowledge-of-status element required by *Rehaif*:

> On or about March 22, 2019, within the District of Columbia, VICTOR A. BROWN, JR., *knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year*, in the State of Maryland, Circuit Court for Howard County, Criminal Case No. 13-K-14-054426, did unlawfully and knowingly receive and possess a firearm, that is, a Springfield XD9, .40 caliber semi-automatic pistol which had been possessed, shipped, and transported in and affecting interstate and foreign commerce.
>
> (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(l)).

Joint App. at 9–10 (formatting removed; emphasis added). As *Rehaif* mandates, the indictment specifically alleged Brown possessed a firearm "knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year" and identified the relevant conviction. Accordingly, the indictment complies with *Rehaif*.

Brown's claim that the jury instructions failed to meet *Rehaif*'s knowledge-of-status requirement similarly fails. On September 6, 2019, the parties submitted their Joint Pretrial Statement, including the proposed jury instruction for Count One, as follows:

> The elements of possession of a firearm and ammunition by a person who has previously been convicted of a crime punishable by imprisonment for a term

3

exceeding one year, each of which the government must prove beyond a reasonable doubt, are that:

1. The defendant knowingly possessed a firearm and/or ammunition;
2. At the time of the charged act, the defendant had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year;
3. At the time of the charged act, *the defendant knew that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year . . . .*

Suppl. App. at 68 (emphasis added). The trial court included the parties' proposed instruction for Count One in its final instructions to the jury without objection. Moreover, the jury charge expressly stated that the Government must prove beyond a reasonable doubt Brown "knew that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year." Accordingly, there is no *Rehaif* error in the jury instructions.

Brown's argument that there was insufficient evidence to convict him of the § 922(g) offense because the Government failed to prove his knowledge-of-status as required by *Rehaif* also fails. Brown stipulated that he knew of his felon status at the time he possessed the firearm. Before resting the Government's case, the prosecutor read the following stipulation into evidence:

The parties stipulate that prior to March 22nd of 2019, Defendant Victor Brown had been convicted of a crime punishable by imprisonment for a term exceeding one year and *knew that he'd been convicted in a court of a crime punishable by imprisonment for a term exceeding one year*.

Joint App. at 307 (emphasis added). Brown's stipulation itself constitutes sufficient evidence for the jury to have found *Rehaif*'s knowledge-of-status requirement established.

## II.   FEDERAL RULE OF EVIDENCE 404

Brown also cannot prevail in his challenge to his past convictions' admission under Federal Rule of Evidence 404(b) because, even assuming the trial court erred in admitting the evidence, the error was harmless.

Under Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The admissibility of Rule 404(b) evidence is also determined by the "general strictures limiting admissibility such as Rules 402 and 403." *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (internal quotations omitted). Under Rule 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Fed. R. Evid. 403. Rule 402

4

provides that any relevant evidence is admissible unless otherwise provided by the United States Constitution, federal statute, the Federal Rules of Evidence or other rules of the Supreme Court. Fed. R. Evid. 402.

Pursuant to Rule 404(b), the Government moved *in limine* to admit evidence of Brown's earlier convictions. The district court ruled that the convictions would be admissible as stipulations, subject to a limiting instruction, in order to prove Brown's knowing and voluntary constructive possession of the contraband found in bedroom 2 and his intent to distribute the drugs. The first stipulation stated that Brown had pleaded guilty to possession of ammunition on September 10, 2008, after MPD executed a search warrant at the same Illinois Avenue address, during which search, the MPD seized a box of .38 caliber cartridges along with Brown's mail, papers and personal effects from the same bedroom 2. The second stipulation stated that Brown had pleaded guilty to possessing with intent to distribute cocaine after MPD officers stopped him in Northwest Washington, D.C. on March 10, 2009 and found $330, a clear zip-lock bag with 77 smaller zip-lock bags inside—each containing a white rock-like substance with a cocaine base— and additional unused zip-lock bags on his person. Attached to the second stipulation were photographs of the seized contraband.

Even assuming the district court erred in admitting Brown's past convictions, "[w]rongly admitted evidence . . . does not always compel reversal." *United States v. McGill*, 815 F.3d 846, 886 (D.C. Cir. 2016) (per curiam). An error in admitting evidence is harmless, and therefore not reversible, "if we 'can say that the error did not affect the jury's verdict.'" *United States v. Sheffield*, 832 F.3d 296, 308 (D.C. Cir. 2016) (quoting *United States v. Watson*, 171 F.3d 695, 700 (D.C. Cir. 1999)); *see also United States v. Johnson*, 519 F.3d 478, 484 (D.C. Cir. 2008) (404(b) error is harmless if it does not have substantial and injurious effect on jury's verdict). The admission of Brown's past convictions was harmless for the three reasons set down in *Sheffield*. *See* 832 F.3d at 308–09.

First, the evidence "was neither so dramatic nor compelling as to rivet the jury's attention . . . ." *Id.* at 308 (quoting *United States v. Brown*, 597 F.3d 399, 405 (D.C. Cir. 2010)). The stipulations—short, direct and fact-bound statements of Brown's past crimes—were read into evidence. The photographs attached to the second stipulation simply showed the items seized during Brown's earlier PWID arrest.

Second, "the district court took caution to guard the space between the permissible and impermissible inferences by instructing the jury to consider the evidence only for its proper purpose." *Id.* (quoting *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995)). The district court gave appropriate limiting instructions immediately after the evidence was admitted and again in its final jury charge. Both times it emphasized that the jury could use the Rule 404(b) evidence only to determine whether Brown acted knowingly and on purpose—not by mistake or accident— regarding his constructive possession of the contraband and his intent to distribute it. It cautioned the jury that it could not use the evidence for any other purpose—including the express caution that the jury could not use the evidence to "think that [Brown] had a bad character or had a propensity to commit a crime . . . ." Joint App. at 312. "Absent evidence to the contrary, the jury

5

is presumed to have followed that instruction, and [Brown] offers no such contradictory evidence." *Sheffield*, 832 F.3d at 309.

Third, "[t]he most significant factor that negates the error's impact is the weight and nature of the evidence against [the defendant]." *Id.* (alteration in original) (quoting *United States v. Williams*, 212 F.3d 1305, 1311 (D.C. Cir. 2000)). The firearm, drugs and drug paraphernalia were found in a room that was plainly Brown's bedroom—the room contained Brown's documents, diploma, photos, medicine, bank card and I.D. cards. Granted, the September 10, 2008 ammunition conviction constituted minimal—if any—evidence establishing Brown's constructive possession of the 9mm firearm. Assuming the earlier conviction was erroneously admitted, however, the error was harmless in view of the firearm's location in Brown's bedroom, on top of mail addressed to Brown, with Brown's fingerprints on it. The past PWID conviction was also only a small part of the evidence establishing Brown's constructive possessing with intent to distribute the drugs and paraphernalia found in bedroom 2 during the MPD's 2019 search. Further, the Government discussed the inferences that could be drawn from the Rule 404(b) evidence only briefly in its closing statements. In sum, the stipulations "formed a small part of what was otherwise an overwhelming case against" Brown. *McGill*, 815 F.3d at 886.

For the foregoing reasons, the judgment of the district court is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**Per Curiam**

                                **FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk

KAREN LECRAFT HENDERSON, *Circuit Judge*, concurring: Although I agree with my colleagues that the admission of Brown's previous convictions was at most harmless error, I would go further and hold that it was not error at all. A trial court may exclude Rule 404(b) evidence under Rule 403 if the evidence's unfair prejudice *substantially* outweighs its probative value. *See* Fed. R. Evid. 403. That was not the case here.

Both previous convictions had some probative value in establishing Brown's constructive possession of the contraband. *See, e.g.*, *United States v. Cassell*, 292 F.3d 788, 793 (D.C. Cir. 2002) ("[I]n cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." (internal quotations omitted)).

Brown's previous conviction of PWID was probative of his constructive possession of the drugs, of his knowledge the 72 rock-like substances contained fentanyl and cocaine base and of his intent to distribute. *See, e.g.*, *United States v. McGill*, 815 F.3d 846, 884 (D.C. Cir. 2016) (per curiam) (defendant's past PWID conviction relevant to rebut his claim "that drugs found in an area where he was sleeping belonged to his brother"); *United States v. Douglas*, 482 F.3d 591, 597 (D.C. Cir. 2007) ("Evidence that [the defendant] previously possessed and distributed crack cocaine . . . has a tendency to make it more probable both that he knew the nature of the substance—crack cocaine—he was charged with possessing . . . and that he intended to distribute it." (citations and internal quotations omitted)); *United States v. Crowder*, 141 F.3d 1202, 1206–10 (D.C. Cir. 1998) (en banc) (affirming admissibility of defendant's other sale of narcotics as probative of defendant's knowledge of narcotics and drug trade and his intent to distribute).

Granted, evidence of previous convictions "almost unavoidably raises the danger that the jury will improperly conclude that because [a defendant] committed some other crime, he must have committed the one charged in the indictment." *Douglas*, 482 F.3d at 601 (internal quotations omitted). But that danger "cannot give rise to a *per se* rule of exclusion." *Id.* (quoting *Crowder*, 141 F.3d at 1210). Brown's previous ammunition possession conviction carries with it factors that reduce its probative value. The 2008 conviction involved a different caliber of ammunition from that fitting the 9mm firearm found in Brown's drawer. And the conviction was 11 years old at the time of Brown's trial. *See Sheffield*, 832 F.3d at 307–08 (staleness of conviction more than ten years old reduced probative value of evidence, deeming it erroneously admitted). Brown's ammunition possession conviction, however, had elements that increased its probative value, notably, the 2008 ammunition was located in the same bedroom, in the same house, as the 9mm firearm.

Our precedent leans heavily in favor of admitting evidence in these circumstances. Rule 404(b) "is a rule of inclusion rather than exclusion, and it is quite permissive, excluding evidence only if it is offered for the sole purpose of proving that a person's actions conformed to his or her character." *United States v. Long*, 328 F.3d 655, 660–61 (D.C. Cir. 2003) (citations and internal quotations omitted). And Rule 403's "requirement that the danger of unfair prejudice *substantially* outweigh probative value calls on [the court], in close cases, to lean towards admitting evidence." *United States v. Straker*, 800 F.3d 570, 589 (D.C. Cir. 2015) (per curiam) (emphasis in original).

7

Moreover, our review of the district court's admission of Rule 404(b) and 403 evidence is highly deferential. *Id.* ("We review a district court's admission of other-crimes evidence [under Rule 404(b)] for abuse of discretion, according substantial deference to the district court." (citations and internal quotations omitted)); *Long*, 328 F.3d at 662 ("Because the trial court is in the best position to perform the subjective balancing that Rule 403 requires, its decision is reviewed only for grave abuse." (internal quotations omitted) (alteration accepted)).

We have often noted that the trial judge is in the best position to perform the subjective balancing Rule 403 requires. Here, in my view, the district court, instructed by our court that "in close cases" it should "lean towards admitting evidence," *Straker*, 800 F.3d at 589, committed no "grave abuse" of discretion—indeed, no error at all—in admitting the Rule 404(b) evidence, *Long*, 328 F.3d at 662 (internal quotations omitted).