**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4671
_____

UNITED STATES OF AMERICA,

v.

FRANKLIN XAVIER,

<u>Appellant</u>
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Criminal No. 1-08-cr-00018-001)
District Judge: Hon. Raymond L. Finch
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 10, 2012

BEFORE: CHAGARES, JORDAN and COWEN, <u>Circuit Judges</u>

(Opinion Filed:  May 25, 2012)
_____

OPINION
_____

COWEN, <u>Circuit Judge</u>.

In a bifurcated trial, a jury convicted appellant of unauthorized possession of a

firearm and being a felon in possession of a firearm, in violation of 14 V.I.C. § 2253(a)

and 18 U.S.C. § 922(g)(1), respectively. On appeal, defendant raises several issues, each of which is discussed in turn. Because we find no error, we will affirm.

Appellant's arguments are raised for the first time on appeal and, therefore, are reviewed for plain error. Plain error requires the error to (i) be obvious under current law and (ii) "affect[] substantial rights." Fed. R. Crim. P. 52(b); *U.S. v. Olano*, 507 U.S. 725, 734-35 (1993).

**(1)** Appellant argues that the court erred by allowing into evidence testimony from the government's witness, appellant's ex-wife, Ms. Xavier, that she was afraid of appellant, appellant was on probation, appellant had threatened to shoot her, and appellant was not afraid to use his gun. Defense counsel, not the government, elicited this testimony during the *voir dire* of Ms. Xavier to determine her competency for laying a foundation for the admission of the subject firearm. After eliciting this testimony, defense counsel did not object.

This testimony was invited by appellant's trial counsel's *voir dire* of the witness. Because invited error cannot be the basis for reversal, *United States v. Console*, 13 F.3d 641, 660 (3d Cir. 1993), any error in admitting this evidence is not "obvious under current law." As a result, its admission does not constitute plain error and it cannot be a basis for reversal of appellant's conviction.

**(2)** Appellant next argues that the court committed reversible error by stating to the defense counsel in front of the jury "If you get into it, remember my admonition . . . I'll allow the whole ball of wax to come in." The court's statement was based on a

2

mistaken assumption that that defense counsel was pursuing questions of the government's witness regarding a firearm seized from the witness's car on January 25, 2008. The court had previously ruled that pursuing that line of questioning would allow the admission of all evidence about that firearm. The government concedes that this was error, but argues that it did not affect appellant's substantial rights and, therefore, was not plain error. We agree.

First, any prejudice that resulted from this admonition was minimal. The comment only suggested that there was other evidence; that evidence was never indentified and the court's comment had no context from which the jury could draw an inference since the jury was not privy to the previous ruling. Additionally, the defense focused on the credibility of Ms. Xavier. This comment did not relate to or raise the issue of her credibility.

Furthermore, in response to appellant's request during the charging conference that a curative instruction be given in regards to the court's "ball of wax" comment, the parties agreed on and the court gave the following instruction:

> Further, any questions that I may have asked, any comment that I may have made to counsel, and any act that I may have done during this trial is not evidence . . . . if by chance you consider anything I may have said or anything I may have done as an admonishment, you are to draw absolutely no inference against the side to whom such admonishment may have been addressed during the course of this trial.

(JA 288, 312-13.)

In light of the lack of materiality of the comment and the curative instruction, there was no plain error. *See, e.g., United States v. Olgin*, 745 F.2d 263, 268-70 (3d Cir.

3

1984).

**(3)** Appellant argues that the court committed plain error by admitting evidence that appellant had previously brandished a gun at a gas station and fired three shots in response to a comment from another person. Prior to trial, the court held that the evidence was admissible because it was inextricably intertwined with the events surrounding the charged crime. At trial, Ms. Xavier testified that on January 25, 2008 she drove a vehicle to a gas station where appellant fired a gun, the same one retrieved from appellant's home. Appellant did not object to the testimony during trial.

The government needed to show the firearm's operability and appellant's constructive possession of the firearm. Evidence that he physically possessed the firearm and fired it in the past, therefore, directly proves the charged crime. *United States v. Cassell*, 292 F.3d 788, 794-95 (D.C. Cir. 2002). In closing, the government highlighted this evidence as proof of these elements of the crime, not as proof of character. Further, the court instructed the jury that ". . . you are to consider only the offense charged and you are not to base your decision on any act or any conduct that is not specifically charged in this indictment."

As a result, it is not "obvious under current law" that this evidence is irrelevant to prove appellant's intent or the firearm's operability as required by the statute or that it is unduly prejudicial, particularly in light of the limiting instruction. Because there is no plain error in its admission, appellant's conviction will not be reversed on this basis.

**(4)** Appellant also argues that the court committed reversible error by

disclosing to the jury the general character of appellant's prior felony convictions.

Following the jury's guilty verdict on the firearm possession charge, the parties stipulated

regarding appellant's prior convictions. The parties' stipulation states, in relevant part,

that appellant had been "convicted of the following felony offenses: . . . crimes of

attempted murder, possession of a firearm during a crime of violence, assault in the third

degree, and felon in possession of a firearm. . . ." (JA 377.) During the second phase of

the trial, after appellant was found guilty of unauthorized possession of a firearm without

admission of prior convictions, the trial court read the entire stipulation to the jury. No

party objected. (JA 353-54.) The trial court also read the remaining felon in possession

charge from the indictment. The felon in possession charge named the crimes in the

stipulation.

> The trial court instructed the jury on how to use evidence of prior convictions:
>
> When attorneys on both sides stipulate or agree to the existence of a fact, you may accept the stipulation as evidence, and regard that fact as having been proved. You are not required to do so, however, since your are the sole judges of the facts. You have heard the evidence through a stipulation that the defendant was convicted before this incident in the District of the Virgin Islands and in the District of the Southern District of Illinois of crimes punishable by imprisonment exceeding – for a term exceeding one year. These prior convictions were brought to your attention only because they tend to establish one of the elements of the crime of possession of a firearm by a convicted felon as set forth in the indictment.
>
> You are not to speculate as to the nature of these convictions. You may not consider these two prior convictions in deciding whether Franklin Xavier was in knowing possession of a firearm that he's charged in this case with possession –which is an issue which you have already decided.

(JA 354-55.)

5

Evidence of prior offenses, including the names of the offenses for which appellant was convicted, was relevant to prove an element of the charged offense. *Old Chief v. United States*, 519 U.S. 172, 178-79 (1997). Nevertheless, "evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant." *Id.* at 185.

Here, it is not "obvious under current law" that evidence of the names of appellant's prior offenses was unfairly prejudicial to appellant. Nevertheless, even if there was error, it did not affect appellant's substantial rights. For phase two of the trial, appellant had stipulated to his felon status and the interstate travel of the firearm; the only other issue was whether appellant was in possession. But the jury had already found appellant guilty of unauthorized possession of a firearm without knowledge of his prior convictions during phase one of the trial. The jury's verdict in phase one established that they believed there was sufficient evidence for possession. They would have convicted him of possession in phase two without any additional evidence. And during phase two no additional evidence, aside from the prior convictions, was presented. The district court's instruction to use this evidence of prior convictions for the issue of whether he was a felon further ensured that appellant's substantial rights would not be affected. As a result, there is no plain error.

**(5)** Finally, appellant argues that the court improperly enhanced appellant's sentence for violation of 14 V.I.C. § 2253(a) because the government did not fulfill the procedural requirements of 14 V.I.C. § 62. At sentencing, the court imposed 15 years for

6

unauthorized possession of a firearm, in violation of 14 V.I.C. § 2253(a), and 10 years for possession by a felon, to be served concurrently. The defendant did not raise the issue that the government did not comply with Section 62(a) in its pre-sentencing brief about the applicability of the 15-year sentencing provision. (JA 5-17.) He also did not raise the issue at his sentencing.

There is no plain error in the district court's imposition of an enhanced sentence for appellant's violation of 14 V.I.C. § 2253(a). It is not "obvious under current law" that the criterion for sentence enhancement in 14 V.I.C. § 62 are applicable to sentence enhancement for a violation of 14 V.I.C. § 2253(a). Section 2253 is a separate section of the statute from 14 V.I.C. § 62, pertains specifically to firearms possession, and provides its own criterion for sentence enhancement.

Furthermore, Xavier received ample notice that he faced an enhanced sentence under Section 2253(a). The enhancement was mentioned in the Pre-Sentence Report, which also listed appellant's prior convictions. Additionally, the trial court ordered both parties to brief the issue of whether the 15-year sentencing provision applied to appellant. (JA 30, Dkt. No. 272.) In light of these facts, a due process violation is not "obvious under current law." *United States v. Mack*, 229 F.3d 226, 231-32 (3d Cir. 2000). There is no plain error in imposing the sentence enhancement.

For the foregoing reasons, we will affirm the judgment of the District Court entered on December 8, 2010.

7